# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF KENTUCKY
## COVINGTON DIVISION

| | | |
|---|---|---|
| PETER CANAVAN NEWBERRY, | : | |
| | : | |
| Plaintiff, | : | CASE NO:  2:13-cv-00216 |
| | : | |
| v. | : | |
| | : | |
| MARC H. SILVERMAN, D.D.S., et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Now come the Defendants, Mark H. Silverman, D.D.S. and Silverman Dental, LLC ("Defendants"), by and through counsel and pursuant to Fed. R. Civ. P. 12(b), and hereby move this Honorable Court to dismiss this action. The action against these Defendants is barred for lack of personal jurisdiction. A memorandum in support of this motion, as well as the Affidavit of Marc H. Silverman, D.D.S. are attached hereto and incorporated by reference herein.

Respectfully submitted,

/s/ John M. Dunn
John M. Dunn (90543)
Michael M. Mahon (95208)
Danny M. Newman, Jr. (89711)
Reminger Co., LPA
250 Grandview Dr., Suite 550
Ft. Mitchell Kentucky 41017
Telephone: 859-426-3662
Fax: 859-283-6074
E-mail: jdunn@reminger.com
        mmahon@reminger.com
        dnewman@reminger.com
*Counsel for Defendants*

1

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH AFFIDAVIT OF MARC A. SILVERMAN, DDS

### I.  FACTS AND PROCEDURAL HISTORY

The Plaintiff's claims are improperly before this Court and must be dismissed for want of personal jurisdiction.  Marc H. Silverman, D.D.S. and Silverman Dental, LLC are Defendants in this case because dental work was allegedly performed between 2001 and 2005 on the Plaintiff. All of these dental services were performed in Ohio.  This Court does not have jurisdiction over the claims against Defendants, as Defendants are not subject to personal jurisdiction in the Commonwealth of Kentucky.  More specifically, Defendants have not engaged in any of the activities delineated by the Kentucky Long Arm Statue, KRS § 454.210.  As such, this Court must dismiss Plaintiff's action as a matter of law.

The Plaintiff has alleged a set of facts to the Court, which in simple terms is as follows: Silverman performed dental care and a root canal for Plaintiff in the early to mid-1990s.  (Doc. #1, Exhibit A, Complaint at ¶4).  Plaintiff further contends about ten years later he returned because he had been having trouble with the tooth and had an x-ray of the tooth taken by Defendants.  (*Id*. at ¶5).  A few years later, Plaintiff alleges he returned to Defendants with the same complaints, but nothing was done to rectify his pain in the tooth.  (*Id*. at ¶6).  Ultimately, in November 2012, Plaintiff sought additional dental care in Lexington, Kentucky, and alleges that, for the first time, Plaintiff learned of the purported negligence of the Defendants.  (*Id*. at ¶7).

The Complaint filed by Plaintiff specifically alleges that Dr. Marc H. Silverman, DDS, is a citizen of the State of Ohio and practices dentistry in Cincinnati, Ohio.  (*Id*. at ¶2).  The Complaint further alleges that Silverman Dental, LLC is a limited liability corporation registered

2

in the State of Ohio, whose place of incorporation is the State of Ohio, with a principal place of business in Cincinnati, Ohio.  (*Id*. at ¶3).

The allegations in Plaintiff's Complaint are insufficient to create personal jurisdiction over these Defendants.  Plaintiff fails to allege that Kentucky Courts have either subject matter jurisdiction or personal jurisdiction over this action.  As the affidavit of Marc H. Silverman, filed in support of this Motion, states, he is a part owner of Silverman Dental, LLC.[1]  As set forth in the Complaint, Silverman Dental is a limited liability corporation organized and existing under the laws of Ohio with a principal place of business in Ohio.  Dr. Silverman is likewise a resident of Hamilton County, Ohio.  Neither Silverman Dental nor Dr. Silverman have applied to any Kentucky agency, subdivision, municipality or other Kentucky authority for any licenses, permits or registrations to transact or conduct business in the Commonwealth of Kentucky.  Neither Silverman Dental nor Dr. Silverman have qualified for or applied to be registered as a foreign corporation in the Commonwealth of Kentucky.  The Defendants did not maintain any office nor did they list any address or telephone number in Kentucky.  Neither did they possess any personal or real property situated in Kentucky.  The Defendants did not own, control or maintain any accounts with any financial institutions in Kentucky, nor have they deposited any funds in any financial institution in Kentucky.

Silverman Dental does not have a registered agent for service of process in Kentucky and does not currently have any employees residing, working, or located in Kentucky. The Defendants have not authorized or contracted for the listing of either of their names in any telephone, business or other informational directly knowingly addressed to or targeted to any specific person, firm or corporation in Kentucky.  The Defendants have not hired or otherwise contracted with any person as an agent for soliciting business in Kentucky.  The Defendants have

---

[1] The Affidavit of Marc Silverman, D.D.S. is attached hereto as Exhibit 1.

not performed any other services or provided any labor in Kentucky.  Silverman Dental and Dr. Silverman are not subject to taxation, nor have they paid any taxes levied or assessed against them by Kentucky or any Kentucky agency or municipality.  Silverman Dental and Dr. Silverman have never maintained a website on which sales may be completed between the host computer and residents of Kentucky.

Most importantly, all business between Silverman Dental, Dr. Silverman, and their patients, including the plaintiff to this lawsuit, has occurred at Silverman Dental's Cincinnati, Ohio dental office.  Simply put, the only connections with the Commonwealth of Kentucky are the Plaintiff's residency in the Commonwealth and the claim of pain and suffering, which allegedly developed in the Commonwealth.  (*See generally*, Doc. #1, Exhibit A, Complaint at ¶4).  Neither the Plaintiff's residency nor the allegation of pain and suffering is sufficient to create a personal jurisdiction hook as to these Defendants.  As a consequence, because Silverman Dental, LLC and Dr. Silverman are not subject to personal jurisdiction in the Commonwealth of Kentucky under either Kentucky's long-arm statute or federal due process jurisprudence, the Plaintiff's case should be dismissed.

## II.    LAW AND ANALYSIS

### A.  Defendants must be dismissed as the Court lacks personal jurisdiction over these Defendants

Federal courts are courts of limited jurisdiction, whose jurisdiction is specifically bestowed by the United States Constitution or acts of Congress.  The party invoking federal court jurisdiction bears the burden of establishing its existence.  *Welsh v. Gibbs,* 631 F.2d 436, 438 (6th Cir. 1980).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court

is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't.,* 523 U.S. 83, 94 (1998) (quoting *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868)).

When determining whether personal jurisdiction exists over a defendant, "a federal court must apply the law of the state in which it sits, subject to constitutional limitations." *Reynolds v. Int'l Amateur Athletic Fed'n,* 23 F.3d 1110, 1115 (6th Cir. 1994). "[T]he defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met." *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996) (citation omitted). As the Supreme Court of Kentucky stated in *Hinners v. Robey*, "When a lawsuit is filed in Kentucky against a non-resident defendant the plaintiff carries the burden of establishing jurisdiction over the defendant." 336 S.W.3d 891, 895 (Ky. 2011) (citing *Auto Channel, Inc. v. Speedvision Network, LLC*, 995 F. Supp. 761, 763 (W.D. Ky. 1997)).

To determine whether the exercise of personal jurisdiction over an out-of-state defendant satisfies federal due process, the Sixth Circuit requires:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968). "If these criteria are satisfied, jurisdiction is appropriate if maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tobin v. Astra Pharmaceutical Products, Inc.,* 993 F.2d 528, 543 (6th Cir. 1993) (citations and internal quotation marks omitted).

**B.  Defendants are not subject to the *in personam* jurisdiction of this Court pursuant to Kentucky's long arm statute.**

In the recent case *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011), the Supreme Court of Kentucky reevaluated the requirements for long-arm jurisdiction against a nonresident defendant.  Specifically, the court overruled *Wilson v. Case*, 85 S.W.3d 589 (Ky. 2002), and other cases that had created the impression that the language of KRS § 454.210 had been subsumed by federal due process standards for exercising *in personam* jurisdiction over nonresidents.  The Supreme Court of Kentucky clarified that "the proper analysis of long-arm jurisdiction over a nonresident defendant consists of a two-step process," under which review first proceeds under KRS § 454.210 and, if jurisdiction is permissible under the long-arm statute, only then is jurisdiction under federal due process examined.  *Caesars*, S.W.3d at 57. Accordingly, in the present matter this Court should first examine jurisdiction over Defendants under KRS § 454.210, independent of federal due process concerns.

KRS § 454.210(2)(a) enumerates nine distinct instances in which Kentucky courts may exercise personal jurisdiction over a nonresident. Under Kentucky law, a non-resident is only subject to jurisdiction if that defendant has:

1.  Transacted any business in Kentucky;

2.  Contracted to supply services or goods in Kentucky;

3.  Caused tortious injury by an act or omission in Kentucky;

4.  Caused tortious injury in Kentucky by an act or omission outside Kentucky if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Kentucky, provided that the tortious injury occurring in Kentucky arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within Kentucky;

5.  Caused injury in Kentucky to any person by breach of warranty expressly or impliedly made in the sale of goods outside of Kentucky when the seller knew

such person would use, consume, or be affected by, the goods in Kentucky, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Kentucky;

6. Has an interest in, using, or possessing personal property in Kentucky, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated;

7. Contracted to insure any person, property or risk located within Kentucky at the time of contracting;

8. Committed sexual intercourse in Kentucky which intercourse causes the birth of a child; or

9. Made a telephone solicitation in Kentucky.

KRS § 454.210.

Long-arm jurisdiction analysis is especially dependent upon the facts of the individual case.  In the present matter Plaintiff alleges that the Defendants are residents of Ohio conducting business in Ohio.  (Doc. #1, Exhibit A, Complaint at ¶¶ 2, 3).  A thorough review of Plaintiff's Complaint reveals that the statutory basis for long-arm jurisdiction in support of a claim for personal jurisdiction over these Defendants is nonexistent.  The Plaintiff's own caption and allegations in the Complaint are remarkably absent of any connection with the long arm statute, and is thus a tacit admission that no personal jurisdiction can be exercised over Defendants in this matter.  The affidavit of Dr. Silverman further establishes that none of the nine factors of the Kentucky long-arm statute requirements for personal jurisdiction are met based on the facts of the case.  (*See* Affidavit of Dr. Marc Silverman, attached hereto as Exhibit 1).

In *Caesars*, supra, the Supreme Court of Kentucky rejected the use of a "but for" test in determining if a plaintiff's claim has "aris[en] from" the specific statutory predicate authorizing

*in personam* jurisdiction." Instead, the court said that there must exist "a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm-jurisdiction." *Id*. at 59. The Court then decided that a slip-and-fall accident in an Indiana casino could not reasonably be construed as "arising from" the casino's "transacting business" in Kentucky by way of advertising and promotional campaigns and sponsoring civic events in Kentucky. The connection between the tort claim, based upon a theory of premises liability, and the casino's business activity in Kentucky was far too attenuated. *Id*.

Similar to *Caesars*, this is a tort matter alleging dental malpractice, negligence and spoliation of evidence. (*See generally*, Doc. #1, Exhibit A, Complaint.). In *Caesars*, there was some evidence that the casino conducted a business activity in the state by advertising in Kentucky, but the Supreme Court still found the activity was far too attenuated to serve as a basis for jurisdiction under the long-arm statute. In this matter, there is not even such an allegation nor is there any evidence to suggest that the Defendants in any way conducted or transacted business in the Commonwealth of Kentucky. As such, under KRS § 454.210 personal jurisdiction may not be exercised upon these Defendants.

As there is no jurisdiction conferred by the long-arm statute under Kentucky law, there is no need to proceed to a determination of whether the application of the Kentucky long-arm statute offends the standards of federal due process. However, even if a federal due process examination is conducted, the Court would find that exercising personal jurisdiction over the defendants in this matter would offend traditional notions of fair play and substantial justice, thereby violating federal due process and destroying personal jurisdiction in the matter.

**C. Exercise of jurisdiction over Defendants is not authorized under the Due Process Clause**

In *Hinner's v. Robey*, the Kentucky Supreme Court reviewed basic principles that underlie federal due process concerning long-arm jurisdiction.  There, the court stated:

> [D]ue process requires . . . that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'

336 S.W.3d at 897 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Thus, in order for an out-of-state individual to be properly subject to a court's jurisdiction, due process demands that he or she have sufficient "contacts, ties, or relations" with that forum state. *Id.* (citing *Int'l Shoe*, 326 U.S. at 319).  This provides a "degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit . . . ." *Id.* (citing *World- Wide Volkswagen Corp. v. Woodson*, 444 U .S. 286, 297 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S . 462, 471-72 (1985)).  In order for an out-of-state party to have sufficient "fair warning" of this liability to suit, due process requires that the defendant have "purposefully directed" his or her actions at residents of the forum state.  *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).  Further, the litigation must result from alleged injuries that "arise out of or relate to" those targeted activities.  *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Burger King*, 471 U.S. at 472).  As a consequence, personal jurisdiction over an out-of-state defendant who has no physical contact with the forum state is only proper where "a commercial actor's efforts are 'purposefully directed' toward residents of another State . . . ." *Id.* at 898 (citing *Burger King Corp.*, 471 U.S. at 476).

In *Southern Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968), the U.S. Court of Appeals for the Sixth Circuit established a test for determining the outer limitations of *in personam* jurisdiction when a defendant's contact with the forum state is limited to a "single act."  The test asks whether (1) "the defendant purposefully availed himself of the privilege of acting within the forum state or causing a consequence in the forum state," (2) "the cause of action arises from the alleged instate activities," and (3) the defendant's conduct indicates "such connections to the state as to make jurisdiction reasonable."  *Hinner's*, 336 S.W.3d at 898 (citing *Mohasco* at 381; *see also Tube Turns Div. Of Chemetron Corp. v. Patterson Co., Inc.*, 562 S.W.2d 99, 100 (Ky. App. 1978)).

Herein, Plaintiff alleges only a "single act" of professional services of Defendants: performing root canals and dental services.  As such, this is a "single act" case, and review under the *Mohasco* test is proper.  In the Plaintiff's complaint, no single act of the Defendants is identified through which they purposefully availed themselves of the privilege of acting within Kentucky or caused a consequence in Kentucky.  Rather, the alleged actions—providing dental services—occurred only in Ohio, and there was no purposeful availment of the State of Kentucky.  Since the conduct complained of occurred only in Ohio, there is no in-state activity and no connection with Kentucky to make jurisdiction *in personam* reasonable under federal due process.

Defendants did not purposefully avail themselves of the privilege of acting within the forum State or cause a consequence therein.  In the present matter, the Defendants operate and perform dental services in Cincinnati, Ohio.  There is no allegation that the defendants in any way purposefully availed themselves of the forum state.  Rather, the allegation set forth that they are residents of Ohio with a principal place of business in Ohio.

While Plaintiff may argue that Defendants purposely availed themselves by causing pain and suffering to a resident of that state by the alleged malpractice, this is not sufficient. Rather, as the Kentucky Supreme Court found in *Hinners v. Robey*, *supra*, the fact that Plaintiff's home state is Kentucky is purely a fortuitous consequence, not a purposeful choice of the Defendants. Defendants did not select a Kentucky resident to come to the Ohio office for dental services. Rather, it was Plaintiff that elected to do business with an Ohio dentist and an Ohio dental practice. It was Plaintiff's choice to cross the Ohio River from Kentucky into Ohio for dental services with Dr. Silverman at Silverman Dental. A simple search in the phone book reveals that there are a myriad of dental practitioners in Kentucky who could perform the same services that the Defendant did in this matter. As such, Plaintiff's choice to seek dental services in a foreign forum does not mean that Defendants purposefully availed themselves by causing a consequence in the forum state.

Plaintiff has offered no evidence nor made any specific allegation that it is reasonable for Kentucky to exercise jurisdiction over these Defendants. Traditional notions of fair play and justice dictate that a defendant may not be haled into the court of a foreign jurisdiction solely as a result of random, fortuitous or attenuated contacts, *Keeton*, 465 U.S. at 774; *World-Wide Volkswagen*, 444 U.S. at 299, or because of the unilateral activity of another party or a third person, *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 417; *Burger King*, 471 U.S. at 475. In the present matter, the unilateral activity of Plaintiff in selecting and seeking treatment from a dentist and dental office in Ohio caused the contact. This act by the Plaintiff is the type of a random, fortuitous, and attenuated contact described in *Hinner's* that cannot confer personal jurisdiction over Defendants in the State of Kentucky.

III.  **CONCLUSION**

For the reasons herein stated, Defendants Marc H. Silverman, D.D.S. and Silverman Dental, LLC respectfully request that this honorable Court dismiss the pending case against them for lack of personal jurisdiction.  There is no connection to assert jurisdiction under the Kentucky long-arm statute or federal due process standards.  As such, dismissal for lack of personal jurisdiction is warranted.

Respectfully submitted,

/s/ John M. Dunn

John M. Dunn (90543)
Michael M. Mahon (95208)
Danny M. Newman, Jr. (89711)
Reminger Co., LPA
250 Grandview Dr., Suite 550
Ft. Mitchell Kentucky 41017
Telephone: 859-426-3662
Fax: 859-283-6074
E-mail: jdunn@reminger.com
        mmahon@reminger.com
        dnewman@reminger.com
***Counsel for Defendants***

CERTIFICATE OF SERVICE

This is to certify that on December 10, 2013, I served the foregoing via regular U.S. mail, postage prepaid, upon the following:

Peter Canavan Newberry
1217 Criswell Road
Berry, Kentucky 41003
Pro Se Plaintiff

/s/ John M. Dunn

John M. Dunn

12