**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | | |
|---|---|---|
| PETER CANAVAN NEWBERRY, | : | |
| | : | |
| Plaintiff, | : | CASE NO:  2:13-cv-00216 |
| | : | |
| v. | : | JUDGE BERTELSMAN |
| | : | MAGISTRATE WEHRMAN |
| MARC H. SILVERMAN, D.D.S., et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' REPLY IN SUPPORT  OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Now come the Defendants, Mark H. Silverman, D.D.S. and Silverman Dental, LLC ("Defendants"), by and through undersigned counsel, and hereby submit their Reply Memorandum in Support of their Motion to Dismiss for Lack of Personal Jurisdiction.

**I.    INTRODUCTION**

In his Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiff attempts to confuse the issues by citing case law addressing fraudulent business dealings that allegedly supports his argument that Defendants are subject to Kentucky's long-arm statute and have sufficient minimum contacts with Kentucky to support this Court's jurisdiction over them. Notably, however, Plaintiff's Complaint presents no evidence of any contacts Defendants had with Kentucky.  To be sure, the fact remains that Silverman Dental, LLC is an Ohio corporation through which Mark Silverman, an Ohio resident, practices dentistry, which occurs only in Ohio. Plaintiff is, at best, grasping at straws to establish any substantial jurisdictional contacts between these Defendants and Kentucky.

1

Despite acknowledging that jurisdiction must be established first through Kentucky's long-arm statute (KRS § 454.210), Plaintiff completely fails to argue or even address how jurisdiction could be proper under this statute.  Indeed, Plaintiff does not even mention § 454.210, much less claim that Defendants engaged in any of the activities delineated therein so as to establish jurisdiction.  This alone justifies dismissal of Plaintiff's Complaint.

Notwithstanding his failure to address Kentucky's long-arm statute, Plaintiff also fails to provide any support for the notion that a dentist who practices exclusively in Ohio can be subject to personal jurisdiction in Kentucky for claims arising solely out of treatment rendered to a plaintiff in Ohio.  On the contrary, Judge Bertelsman, addressing this precise issue with respect to the personal jurisdiction over an Ohio physician, noted that "the idea that tortious rendition of [medical] services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt is wholly inconsistent with the public interest in having such services generally available."  *Kennedy v. Ziesman*, 526 F. Supp. 1328, 1331 (D.C.Ky. 1981).  Thus, according to Judge Bertelsman, "[t]here would be no benefit to the citizens of Kentucky in subjecting to the jurisdiction of its courts a non-resident physician" whose contacts arose merely from treating Kentucky patients.  *Id*. at 1332; *see also Jackson v. Wileman*, 468 F. Supp. 822, 825 (W.D.Ky. 1979) (holding that a Kentucky resident who traveled to Ohio for dental services could not maintain action in Kentucky, since the jurisdictional focus is on the place where the services were rendered rather than where the consequences of such services would be felt).

Indeed, the vast majority of courts throughout the country that have addressed this issue, including Kentucky, hold that the rendering of medical or dental services in one state does not subject the provider of those services to personal jurisdiction in the patient's state, even when the doctor or dentist knows that the patient is a resident of another state.  *See, e.g., Wright v. Yackley,*

2

459 F.2d 287, 289–90 (9th Cir. 1972) (affirming dismissal of a medical-malpractice action for lack of personal jurisdiction where the defendant provided the allegedly negligent medical services outside the forum state); *Jackson v. Shepard,* 609 F.Supp. 205, 207 (D.Ariz. 1985) (dismissing medical-malpractice action for lack of personal jurisdiction where the alleged injury-causing event occurred in California); *Prince v. Urban*, 49 Cal.App.4th 1056 (Cal. Ct. App. 1996) ("[W]here, as here, the out-of-state doctor's contact with the forum state consists of nothing more than telephonic follow up on services rendered in the doctor's own state, it is unreasonable for the patient's home state to exercise personal jurisdiction over the physician.").

Therefore, as shown more fully below, Plaintiff's claims arising solely out of the dental treatment Plaintiff received in Ohio are subject to dismissal for lack of personal jurisdiction.

## II.  LAW AND ARGUMENT

### A. Kentucky's Long-Arm Statute Does Not Confer Personal Jurisdiction Over Defendants

Plaintiff acknowledges that in order for personal jurisdiction to be proper in Kentucky, a plaintiff must first establish that such jurisdiction is proper under KRS § 454.210, Kentucky's long-arm statute.  Only where jurisdiction is proper under Kentucky's long-arm statute does a court address the federal due process requirements.  *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011).  Accordingly, where jurisdiction is not shown to be proper under the long-arm statute, the analysis ends and dismissal is proper.  *See id*.

In this case, not only does Plaintiff fail to establish jurisdiction under § 454.210, Plaintiff fails to even mention § 452.210 in his analysis of the facts of this case.[1]  While jurisdiction is

---

[1] The case law on which Plaintiff relies are all prior to the Kentucky Supreme Court's decision in *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011), which overruled prior decisions that had created the impression that the language of KRS § 454.210 had been subsumed by federal due process standards for exercising *in personam* jurisdiction over nonresidents.  Thus, none of these cases cited by Plaintiff properly analyze Kentucky's long-arm statute.

only proper under § 452.210 if a plaintiff can establish that a defendant's actions fall within one of the categories enumerated in § 452.210(2)(a)(1)-(9), Plaintiff herein does not state what category (or categories) Defendants' actions allegedly satisfy.

Indeed, the only possible subsections by which personal jurisdiction could possibly attach are § 452.210(2)(a)(3) or § 452.210(2)(a)(4). Specifically, § 452.210(2)(a)(3) provides for personal jurisdiction if a defendant "[c]aused tortious injury by an act or omission in Kentucky." KRS § 452.210(2)(a)(3). However, Kentucky courts clearly hold that out-of-state medical services performed to in-state residents *does not* subject an out-of-state defendant to jurisdiction in Kentucky under §452.210(2)(a)(3). *Bondurant v. St. Thomas Hosp.*, 366 S.W.3d 481, 486 (Ky. App. 2011) (holding that because the plaintiff engaged the Tennessee defendants to perform medical services in Tennessee, the defendants "engaged in no act or omission in Kentucky" and "KRS 452.210(2)(a)(3) is inapplicable"). The *Bondurant* court also held that under these circumstances, "KRS 452.210(2)(a)(4) is equally inapplicable." *Id*.

Therefore, because Plaintiff has clearly not established, or even argued, that personal jurisdiction is proper under Kentucky's long-arm statute, Defendants are entitled to a dismissal of Plaintiff's Complaint as a matter of law.

**B. Exercising Personal Jurisdiction Over Defendants Does Not Comport With the Due Process Clause of the Fourteenth Amendment**

Even if this Court determines that Defendants are subject to personal jurisdiction under Kentucky's long-arm statute, personal jurisdiction over Defendants nevertheless does not comport with the Due Process Clause of the Fourteenth Amendment. Indeed, Plaintiff fails to provide legal authority or factual evidence to satisfy the three-prong test for specific, *in personam* jurisdiction from *Southern Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968).

i.  <u>The Plaintiff's arguments and legal support are inapposite to the analysis of the instant case.</u>

In support of his arguments, Plaintiff relies solely on the cases of *Neal v. Janssen*, 270 F.3d 328 (6th Cir. 2001), *D.C. Micro Dev., Inc. v. Lange*, 246 F. Supp. 2d 705 (W.D. Ky. 2003), and *Kerman v. Chenery Assoc., Inc.*, No. 3:06CV-338, 2007 WL 2363283 (W.D.Ky. 2007). However, *Neal*, *D.C. Micro*, and *Kerman* are easily distinguishable from the instant case, as the "heart" of each case involved fraud, and personal jurisdiction was premised upon the notion that the communications themselves create the tort.

In *Neal*, the court determined that personal jurisdiction was proper over an out-of-state defendant who had made fraudulent statements over the phone in the course of selling a horse boarded in the Netherlands.  *Neal*, 270 F.3d 328.  In considering whether the Defendant "purposefully availed himself" of the privilege of acting in Tennessee, the Sixth Circuit noted that the Defendant intentionally defrauded Plaintiff in the contacts he directed to Plaintiffs who were located in Tennessee.  *Id*.  Further, the false representations made in these communications were **"the heart of the lawsuit,"** and consequently the Court found the purposeful availment prong was satisfied.  *Id*. (emphasis added).

In *D.C. Micro*, the court considered whether a nonresident Defendant who allegedly remotely hijacked in-state computer accounts had purposefully availed itself of Kentucky.  *D.C. Micro*, 246 F. Supp.2d 705.  In holding that personal jurisdiction was proper, the court relied on the facts that the alleged hacking concerned information kept on a Kentucky server, the defendant sent mass e-mails to Kentucky residents fraudulently urging them to upgrade their product to what was effectively a separate product, and the defendant redirected customers from a Kentucky-based website to the defendants' out-of-state website.  *Id*. at 712.

Finally, in *Kerman*, the court found that a defendant who solicited and induced plaintiffs through e-mails, telephone calls, and faxes to invest in what was ultimately determined to be an abusive tax shelter had sufficient contacts with Kentucky since these contacts themselves formed the basis for the plaintiffs' fraud claim. *Kerman*, 2007 WL 2363283, at *2. Importantly, not only did the fraudulent communications form the basis of the plaintiffs' claim, the court relied also on the fact that the non-resident defendant engaged in wrongful acts that were specifically targeted to plaintiffs in Kentucky. *Id*.

In *Neal*, *D.C. Micro*, and *Kerman*, personal jurisdiction was proper because it was the fraudulent communications that formed "the heart of the lawsuit." In particular, the statements forming the basis for jurisdiction were made to further a preexisting fraudulent scheme. Perhaps more importantly, in each case it was the out-of-state defendant that was soliciting the in-state plaintiff. In this case, however, the "heart" of Plaintiff's claims is not his allegation of fraud; it is the allegation of dental malpractice without which Plaintiff's purported fraud claim would not exist. To be sure, it makes no difference how Plaintiff labels his causes of action, the nature of his claim sounds in the alleged dental malpractice of Defendants. Further, unlike *Neal*, *D.C. Micro*, and *Kerman*, it was Plaintiff that solicited Defendants in Ohio; Defendants did not target any individuals in Kentucky. Thus, Plaintiff's reliance on *Neal*, *D.C. Micro*, and *Kerman* is of no effect.

      ii.  <u>A patient's home state cannot exercise personal jurisdiction over a dentist even though the effects of the dentist's alleged acts may be felt in the patient's home state.</u>

Despite Plaintiff's focus on allegations of fraud, even a cursory review of Plaintiff's Complaint reveals that his action stems entirely from the "personal services" rendered by Defendants to Plaintiff. Where a Complaint arises from personal services, "focus must be on the

place where the services are rendered, since this is the place of the receiver's (here the patient's) need." *Jackson v. Wileman*, 468 F. Supp. 822, 824 (W.D. Ky. 1979) (quoting *Wright v. Yackley*, 459 F.2d 287 (9th Cir. 1972)).  Importantly, the services "are directed to no place but to the needy person herself," and "[i]t is in the very nature of such services that their consequences will be felt wherever the person may choose to go."  *Id*. at 825.

"However, the idea that tortious rendition of such services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt **is wholly inconsistent with the public interest in having services of this sort generally available**."  *Id*. (emphasis added).  "Medical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what distant lands he may be called upon to defend it."  *Id*.  Thus, "[t]he scope of medical treatment should be defined by the patient's needs, as diagnosed by the doctor, rather than by geography."  *Id*.

Indeed, Judge Bertelsman, when faced with almost exact facts, noted that "[f]airness and due process require that physicians … be able to 'structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Kennedy v. Ziesmann*, 526 F. Supp. 1328, 1332 (D.C. Ky. 1981).  Accordingly, where a doctor "has limited his professional treatment of [the] plaintiff, and … his other professional activities to Ohio[, t]here will be no benefit to the citizens of Kentucky in subjecting to the jurisdiction of its courts a non-resident physician whose contacts are [] insubstantial[.]"  *Id*.  Thus, Judge Bertelsman held that there were "insufficient minimum contacts" to serve as a basis of personal jurisdiction over the non-resident physician.  *Id*.

Similarly, in *Jackson v. Wileman*, a Kentucky patient who traveled to Ohio for dental work brought suit in Kentucky against the Ohio dentist who allegedly negligently fit the patient

with a dental prosthesis.  *Jackson*, 468 F. Supp. at 823.  In holding that no personal jurisdiction existed over the Ohio dentist, the Western District of Kentucky found that the defendant did not regularly do or solicit business in Kentucky and did not derive substantial revenue in goods used or consumed, or services rendered, in Kentucky.  *Id*. at 824-25.  The court further noted that medical services were personal in nature and not directed to any particular place, but to the patient.  *Id*.  Thus, allowing personal jurisdiction to exist as a result of the medical services "is wholly inconsistent with the public interest."  *Id*.

As in *Jackson* and *Kennedy*, Plaintiff in this case cannot maintain his action in Kentucky for dental services rendered by Defendants solely in Ohio.  Plaintiff initially sought treatment from Defendants in Ohio while Plaintiff was an Ohio resident, and Plaintiff continued to seek that treatment in Ohio after he moved to Kentucky.  It is from this treatment in Ohio that Plaintiff's allegations arise, and thus, as Judge Bertelsman noted in *Kennedy*, "it would be unconstitutionally unfair" to subject Defendants to the personal jurisdiction of Kentucky courts. *See Kennedy*, 526 F. Supp. at 1332.

While Plaintiff in this case attempts to make much of the fact that Defendants allegedly made telephone calls and had other correspondence with Plaintiff while Plaintiff was in Kentucky, such claims do not alter this Court's analysis.  That is because the principal outlined by Judge Bertelsman in *Kennedy* holds true even when the out-of-state doctor or dentist makes telephone calls to the forum state that are incidental to the medical services he rendered outside the forum state.  *Kennedy* at 1330 (holding that telephone calls incidental to medical treatment that the plaintiff received outside the forum were insufficient to establish personal jurisdiction); *see also Wright*, 459 F.2d at 288-90 (affirming dismissal of a medical-malpractice action for lack of personal jurisdiction where the defendant, a South Dakota doctor, mailed to the plaintiff, an

8

Idaho resident, copies of prescriptions stemming from the defendant's treatment of plaintiff in South Dakota).

Indeed, the vast majority of courts across the country consistently hold that the rendering of medical or dental services in one state does not subject the provider of those services to personal jurisdiction in the patient's state, even when the doctor or dentist knows that the patient is a resident of another state. *See, e.g., Jackson v. Shepard*, 609 F. Supp. 205, 207 (D.Ariz. 1985) (dismissing medical-malpractice action for lack of personal jurisdiction where the alleged injury-causing event occurred in California); *Ghanem v. Kay*, 624 F. Supp. 23 (D.D.C. 1984) (holding no personal jurisdiction over Maryland podiatrist who negligently performed surgery on D.C. resident even though podiatrist advertised and listed his phone number in D.C. Yellow Pages); *Walters v. St. Elizabeth Hosp. Medical Ctr.*, 543 F. Supp. 559 (W.D. Pa. 1982) (finding no personal jurisdiction of out-of-state hospital for services rendered to in-state patient); *McAndrew v. Burnett*, 374 F. Supp. 460 (M.D. Pa. 1974) (finding no personal jurisdiction over New York doctor where doctor left hemostat in Pennsylvania patient's abdominal cavity, even though patient suffered "continuing injury" in Pennsylvania); *Gelineau v. New York University Hosp.*, 375 F. Supp. 661 (D.N.J. 1974) (finding no personal jurisdiction over New York hospital for treatment rendered to New Jersey patient, even though New York doctors knew patient would return home and some members of hospital staff practiced in New Jersey).

Quite simply, a dentist's services are personal; they are not directed at a specific location, but at a specific patient. *See Jackson*, 468 F. Supp. at 824. By virtue of the very nature of the Defendants' localized practice in Ohio, there is no systemic or continuing effort on the part of Defendants to provide dental services which are to be felt in Kentucky. Therefore, it would be

unconstitutional and unreasonable for this Court to exercise personal jurisdiction over Defendants, and as a result, this action should be dismissed.

## III.    CONCLUSION

Based on the forgoing, as well as those arguments in Defendants' Motion to Dismiss, Defendants Marc H. Silverman, D.D.S. and Silverman Dental, LLC respectfully request that this honorable Court dismiss the pending case against them for lack of personal jurisdiction.  There is no connection to assert jurisdiction under the Kentucky long-arm statute or federal due process standards.  As such, dismissal for lack of personal jurisdiction is warranted.


Respectfully submitted,

/s/ Michael M. Mahon
John M. Dunn (90543)
Michael M. Mahon (95208)
Danny M. Newman, Jr. (89711)
Reminger Co., LPA
250 Grandview Dr., Suite 550
Ft. Mitchell Kentucky 41017
Telephone: 859-426-3662
Fax: 859-283-6074
E-mail: jdunn@reminger.com
         mmahon@reminger.com
         dnewman@reminger.com
**Counsel for Defendants**

## CERTIFICATE OF SERVICE

This is to certify that on February 19, 2014, a copy of the foregoing was served on all counsel of record via the Court's ECF electronic filing system.  In addition, a copy was served via regular U.S. mail, postage prepaid, upon the following:

Peter Canavan Newberry
1217 Criswell Road
Berry, Kentucky 41003
Pro Se Plaintiff

/s/ Michael M. Mahon
Michael M. Mahon

11