**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PETER CANAVAN NEWBERRY, | : | |
| | : | |
| Plaintiff, | : | CASE NO:  1:14-cv-00313 |
| | : | |
| v. | : | JUDGE SANDRA S. BECKWITH |
| | : | |
| MARC H. SILVERMAN, D.D.S., et al., | : | Magistrate Stephanie K. Bowman |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now come the Defendants, Mark H. Silverman, D.D.S. and Silverman Dental, LLC ("Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby move this Honorable Court for an Order dismissing Plaintiff's Complaint as a matter of law.  Even when construing all material allegations in Plaintiff's favor, the Complaint fails to state a claim upon which relief can be granted.  The facts and law in support of this Motion are fully set forth in the Memorandum in Support attached hereto and incorporated herein by reference.

Respectfully submitted,

REMINGER CO., L.P.A.

*/s/ Danny Merril Newman Jr., Esq.*
Danny Merril Newman Jr., Esq. (0074740)
Michael M. Mahon, Esq. (0087296)
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Telephone:     (513) 721-1311
Telecopier:     (513) 721-2553
Email: dnewman@reminger.com
          mmahon@reminger.com
*Counsel for Defendants*

1

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION AND BACKGROUND FACTS

Plaintiff Peter Newberry brings this civil action against Defendants alleging that Defendants negligently performed a root canal in Ohio "[i]n the early to mid 1990's [sic]." (Doc. #1-1, Complaint at ¶¶4, 7.)  Plaintiff further alleges that "[a]bout ten years later," he returned to Defendants as a result of having trouble with that tooth.  (*Id.* at ¶5.)  According to Plaintiff's Complaint, Defendant Silverman "took an x-ray of the tooth, and informed him he either had bitten down hard and that he had either a bruised nerve or he had developed cancer." (*Id.* at ¶5.)  On November 19, 2012—some ten years after Defendant Silverman allegedly diagnosed Plaintiff with either a bruised nerve or cancer—Plaintiff claims he sought dental care from an endodontist, who purportedly informed Plaintiff that his tooth problems stem from "Defendant Silverman's negligent performance of his root canal procedure."  (*Id.* at ¶7.)

After learning of Defendants' alleged dental negligence, Plaintiff claims he requested copies of his dental records from Defendants.  (*Id.* at ¶22.)  Defendants allegedly informed him, however, that they no longer possessed all of his requested records.  *Id.*  Nevertheless, Plaintiff then brought this action against Defendants on November 19, 2013, alleging claims of (1) dental malpractice, (2) negligence, (3) spoliation of evidence, (4) intentional or negligence infliction of emotional distress, and (5) fraud.[1]  However, as shown more fully below, each of these claims is associated with the dental care and treatment Plaintiff was provided almost ten years earlier. Therefore, because Ohio's statute of repose bars claims brought more than four years after the care and/or treatment was provided, Plaintiff's Complaint against Defendants in this case must be dismissed as a matter of law.

---

[1] The case was initially brought in the Commonwealth of Kentucky, Campbell County Circuit Court.  Defendants thereafter removed the case to the U.S. District Court, Eastern District of Kentucky.  The District Court, however, determined that venue was improper, and this case was therefore transferred to this Court on April 15, 2014.

II.   LAW AND ARGUMENT

### A.  Motion to Dismiss Standard

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter … to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  Unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed."  *Id*. at 570; *Iqbal*, 556 U.S. at 680.

### B.  Choice of Law – Ohio Law Applies to this Case

It is well-settled that when a case is transferred because of an improper venue or lack of jurisdiction, the choice-of-law rules of the transferee court apply.  *GBJ Corp. v. Eastern Ohio Paving Co., 139 F.3d 1080*, 1084 (1998).  In this case, as noted by Judge Bertelsman's April 10, 2014 Order transferring this case, the U.S. District Court in Kentucky had "grave doubt that defendants are subject to personal jurisdiction in [Kentucky] on the claims asserted by plaintiffs[,]" and therefore, the case should be transferred "to the Southern District of Ohio, Western Division, where they could originally have been brought under the allegations of plaintiffs' complaint[.]"  (Doc. #18.)  This Court, therefore, as the transferee court, "is required

3

to apply the choice-of-law rules that would have been applicable had the action been commenced in [this] court." *GBJ Corp.,* 139 F.3d at 1084.

In applying Ohio's choice-of-law rules, the court "should determine which state has the most significant contacts." *Id.* Therefore, the court must "apply the law of the state with the most significant contacts to the dispute." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 230 n. 3 (6th Cir. 1997). In this case, it is clear that the vast majority, if not all of the contacts forming the basis of Plaintiff's alleged dental negligence suit occurred in Ohio. Plaintiff admits that Defendants' dental practice was located in Ohio, and the dental treatment Plaintiff claims was negligent occurred in Ohio. It is therefore clear that Ohio has the most significant contacts to this dispute, and as such, Ohio law applies.

### C. Plaintiff's Dental Claims are Barred by the Four-Year Statute of Repose Set Forth in O.R.C. § 2305.113(C)

Dental claims under Ohio law—which are defined as "any claim that is asserted in any civil action against a dentist, or against any employee or agent of a dentist, and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person"—are governed by O.R.C. § 2305.113. This statute provides a one-year statute of limitations and a four-year statute of repose. O.R.C. § 2305.113(A) & § 2305.113(C)(1)-(2). While the statute of limitations and statute of repose are similar in that both serve to establish finite periods during which dental claims can be asserted, they are also critically different.

The statute of limitations set forth in § 2305.113(A) limits the time in which a plaintiff may assert a dental claim to one year from the date the claim the claim accrues—that is, once a patient discovers or should have discovered the resulting injury. *Flowers v. Walker*, 63 Ohio St.3d 546, 589 N.E.2s 1284, 1287 (1992). The statute of repose, however, defines and limits the time during which a dental claim may accrue to four years from "the occurrence of the act or

omission constituting the alleged basis" of the claim.  O.R.C. § 2305.113(C)(1).  If an action upon a dental claim "is not commenced within four years after the occurrence of the act or omission constituting the alleged basis" of the dental, claim, then "any action upon that claim is barred."  O.R.C. § 2305.113(C)(2).  Consequently, if the patient does not discover his injury until after this four-year period, then the claim, by application of the statute of repose, cannot accrue or vest, and it is thus barred even before it may be discovered.  *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶17 (Ohio 2012).

Applying the statute of repose in conjunction with the requisite one-year statute of limitations, The Supreme Court of Ohio noted that a prospective plaintiff is "granted one year to pursue a claim from the time it accrues, provided that the accrual itself happens within four years" of the occurrence of the act or omission.  *Id.* at ¶28.  Thus, a prospective plaintiff is provided four years to discover a claim, and another one year from that date in which to commence an action, otherwise "it is barred before it arises."  *Id.*  Consequently, if the action is not discovered or otherwise does not accrue within these first four years, the action is barred as a matter of law, regardless of whether a plaintiff was even aware that alleged malpractice had occurred.  *Id.*

In this case, "the act or omission" upon which Plaintiff's Complaint is based stems from two alleged occurrences:  (1) the alleged negligently performed root canal, which occurred twenty (20) years ago; and (2) the alleged improper diagnosis that "Plaintiff had either a bruised nerve or [] had developed cancer," which occurred approximately ten years ago.  Specifically, Plaintiff alleges in his Complaint that he presented to Defendants' dental office "[i]n the early to mid 1990's [sic]," and that at that time Defendant Silverman "performed a root canal for Plaintiff."  (Doc. #1-1, Complaint at ¶4.)  Then, "[a]bout ten years later," Plaintiff claims he

5

returned to Defendant Silverman complaining of "trouble with the tooth," at which time Defendant Silverman allegedly "took an x-ray of the tooth, and informed him he either had bitten down hard and that he had either bruised a nerve or he had developed cancer." (*Id*. at ¶5)  Then, on November 19, 2012, Plaintiff claims he discovered for the first time that the root canal Defendant Silverman performed back in "the early to mid-1990s" was allegedly "incomplete, and Defendant Silverman did not go past the curve of the root when performing the root canal." (Id. at ¶7.)

Therefore, for Plaintiff's Complaint herein to be considered timely filed in conjunction with the four-year statute of repose, his action must have been discovered or otherwise accrued within four years from the dates upon which the two above alleged acts or omissions occurred, and he must have then commenced this action within one year from that date. *Ruther*, 2012-Ohio-5686, 983 N.E.2d 291, at ¶25.  In this case, however, Plaintiff clearly cannot satisfy this requirement.

By his own admission, Plaintiff claims that he discovered the alleged dental malpractice on November 19, 2012.  However, the later of the two dates upon which Plaintiff's dental malpractice claim is based occurred "[a]bout ten years" after the root canal, which occurred "in the early to mid 1990's [sic]."  Plaintiff's intentional attempts at being vague notwithstanding, this later date, therefore, is somewhere between the year 2000 and the year 2005—approximately seven to twelve years before the discovery of his alleged dental claim and approximately eight to thirteen years before the commencement of this action.  Consequently, even when taking all of the facts and allegations asserted in Plaintiff's Complaint as true, it is evident that his dental claims are barred by the proper application of the statute of repose set forth in O.R.C. § 2305.113(C).

### D. Plaintiff's Dental Claims are Barred by the Statute of Limitations Set Forth in O.R.C. § 2305.113(A)

In addition to being barred by the statute of repose, Plaintiff's dental claims are also barred by the applicable one-year statute of limitations set forth in O.R.C. § 2305.113(A). Pursuant to this statute, an action upon a dental claim "shall be commenced within one year after the cause of action accrued." *Id*. Under Ohio law, a cause of action "accrues" either (1) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (2) when the physician-patient relationship for that condition terminates, whichever occurs later. *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (Ohio 1987). Importantly, if the patient continues to have pain at the time the physician-patient relationship is terminated, then the patient's claim has "accrued." *Kubitz v. Kalb*, Case No. L-08-1061, 2008 WL 3582798, 2008-Ohio-4129 (Ohio App., Aug. 15, 2008). This is because the pain itself puts the patient on notice of the need to investigate whether the failure to heal was due to malpractice, even if the patient is not aware of the potential legal significance until later. *Id*.

In this case, and despite Plaintiff's pervasive attempts at vagueness throughout his Complaint, it is clear that Plaintiff's claim "accrued" more than one year before November 19, 2013—the date Plaintiff filed this lawsuit in Kentucky State Court. Again, Plaintiff's Complaint alleges that "[i]n the early to mid 1990's [sic]," Defendants negligently performed a root canal on Plaintiff. (Doc. #1-1, Complaint at ¶¶4, 7.) Plaintiff then claims that "[a]bout ten years later, Plaintiff returned to Defendant Silverman because he had been having trouble with the tooth." (*Id*. at ¶5.) Finally, Plaintiff claims that "[a] few years later, Plaintiff returned to Defendant Silverman with the same complaints[.]" (*Id*. at ¶6.) Simple math, therefore, places Plaintiff's alleged second trip to Defendant Silverman between the year 2000 and the year 2005— approximately ten years after Plaintiff's first trip that occurred in the early to mid-1990s. A "few

years later," as Plaintiff alleges—which is also the last date of treatment with Defendants and thus the date the dentist-patient relationship terminated—is therefore between the year 2003 and the year 2008.  It most certainly is not on or after November 19, 2012—the date on or after which Plaintiff's dental claims must have accrued in order to be timely.

Therefore, because Plaintiff, by his own admission, continued to have pain on the date of the termination of the dentist-patient relationship, which itself was more than one year prior to the filing of this lawsuit, his dental claims are time-barred as a matter of law.

### E. Plaintiff's Claims of "Negligence," "Intentional or Negligent Infliction of Emotional Distress," and "Fraud" Represent a Single "Dental Claim" Also Subject to the Statute of Repose and Statute of Limitations.

Plaintiff cleverly attempts to avoid the statute of repose and statute of limitations by asserting additional purported claims of common-law "negligence, "intentional or negligent infliction of emotional distress" and "fraud."  However, because all of these claims arise out of the alleged dental negligence—more specifically, the diagnosis, dental care, and/or treatment Plaintiff received from Defendants—the claims represent a single "dental claim" subject to the statute of repose.

Under Ohio law, when the validity of an action is challenged, it is the duty of the court to discern "the actual nature or subject matter of the cause, rather than the form in which the complaint is styled or pleaded." *Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio App.3d 56, 2006-Ohio-1343, 849 N.E.2d 62, ¶14 (Ohio Ct. App. 2006).  "A party cannot transform one cause of action into another through clever pleading." *Id*. (citing *Love v. Port Clinton*, 37 Ohio St.3d 98, 524 N.E.2d 166 (Ohio 1988)).  A party also cannot circumvent proper application of the law merely by couching his claim in alternative theories. *Id*.; *see also Grimm v. White*, 70 Ohio App.2d 201, 435 N.E.2d 1140, 1141-42 (Ohio Ct. App. 1980).  Consequently, in

determining whether a claim was timely asserted, "courts must look to the actual nature of subject matter of the case, rather than to the form in which the action is pleaded." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 465 N.E.2d 1298, 1302 (Ohio 1984).

Although Plaintiff's Complaint in this case contains a variety of alternative theories of recovery, a careful examination of the alleged facts makes it evident that each of Plaintiff's claims represents a single "dental claim," as each arises from, and calls into question, the dental care and/or treatment that Plaintiff received from Defendants.

Under Ohio law, a "dental claim" is defined broadly as "any claim that is asserted in any civil action against a dentist, or against any employee or agent of a dentist, and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person." O.R.C. § 2305.113(E)(5). The Supreme Court of Ohio defines "arises out of" to also include matters that are in any way "ancillary" or "inherently related to" such treatment or care. *See Rome v. Flower Hospital*, 70 Ohio St.3d 14, 635 N.E.2d 1239, 1242 (Ohio 1994). This includes, but is not limited to, the professional misconduct of members of the medical or dental profession. *Amadasu v. O'Neal*, 176 Ohio App.3d 217, 2008-Ohio-1730, 891 N.E.2d 802, ¶9 (Ohio Ct. App. 2008). Consequently, this broad statutory definition encompasses a variety of matters, some of which may only be tangentially related to the provision of dental diagnosis, care, and/or treatment.

As shown more fully below, each of Plaintiff's below claims in this case represents a single "dental claim" subject to, and barred by, both the statute of repose and statute of limitations.

      1.  <u>Common-Law Negligence</u>

To the extent Plaintiff's second cause of action attempts to assert a claim of common-law negligence apart from his dental negligence claim, this claim is clearly a "dental claim" subject to the statute of repose. A cursory review of Plaintiff's allegations reveals that this claim arises from the dental care and/or treatment allegedly provided to Plaintiff by Defendants. Indeed, paragraph 18 of Plaintiff's Complaint specifically alleges that "Defendant Silverman breached such duty when he failed to perform according to the **accepted standards for dentists performing root canals and other dental services.**" (Doc. 1-1, Complaint at ¶18 (emphasis added).) This claim without question arises out of the dental treatment Plaintiff received from Defendant Silverman, and thus, it is subject to, and barred by, both the statute of repose and statute of limitations set forth in O.R.C. § 2305.113.

2.   Intentional or Negligent Infliction of Emotional Distress

In addition, a plain reading of Plaintiff's claim of "intentional or negligent infliction of emotional distress" reveals that it too is based upon the alleged negligent dental care and/or treatment of Defendant Silverman. Plaintiff alleges that after he complained of pain in his tooth, "Defendant Silverman took an x-ray of the tooth and informed Plaintiff he either had bitten down hard and that he had either bruised the tooth or he had developed cancer." (Doc. 1-1, Complaint at ¶28.) Because this claim is based upon an assertion allegedly made by Defendant Silverman to Plaintiff relating to his dental care and/or treatment, it is clearly a "dental claim" subject to the procedural requirements of O.R.C. § 2305.113.

Ohio courts faced with similar factual scenarios consistently find that if a plaintiff's emotional distress claim arises from communications regarding the medical care or treatment a plaintiff received, then that claim is properly couched as a medical claim. *See, e.g., Singh v. Cleveland Clinic Found*, Case No. 99066, 2013 WL 3008629, 2013-Ohio-2465 (Ohio Ct. App.

2013) (holding that the plaintiff's intentional infliction of emotional distress claim based upon communications made regarding the patient's medical diagnosis, care or treatment was a medical claim); *Butler v. Jewish Hosps., Inc.*, Case No. C-940119, 1995 WL 256297 (Ohio Ct. App., May 3, 1995) (holding the same); *Roberts v. Luneau-Gordon, M.D.*, Case No. 15212, 1995 WL 703898 (Ohio Ct. App., Nov. 29, 1995) (holding the same).

Indeed, under Ohio law, when the acts underlying a claim of negligent or intentional infliction of emotion distress would also support another tort, the limitations for that other tort also govern the claim for emotional distress.  *Russell v. Witham*, Case No. 1:07-cv-2890, 2007 WL 4561609, *6 (N.D. Ohio, Dec. 21, 2007) (finding that the Plaintiff's intentional infliction of emotional distress claim was more properly characterized as a "medical claim" subject to the procedural requirements of a "medical claim").

In this case, Plaintiff's alleged emotional distress claim is quite clearly based upon a purported communication made to Plaintiff by Defendant Silverman regarding Plaintiff's dental diagnosis, care and/or treatment.  It is also part of the very allegations underlying Plaintiff's dental malpractice claim in Count I.  Therefore, it too is properly characterized as a "dental claim" subject to, and barred by, both the statute of repose and statute of limitations set forth in O.R.C. § 2305.113.[2]

---

[2] Even if Plaintiff's "intentional or negligent infliction of emotional distress" claim were to be considered separate from his dental claim, it would nevertheless be barred by *Ashcraft v. Iqbal*, 556 U.S. 662 (2009) and/or the applicable statute of limitations.  First, The Supreme Court of Ohio held that a statement regarding a diagnosis is not sufficient risk of "immediate physical harm" so as to constitute negligent infliction of emotional distress. *Dobran v. Franciscan Med. Ctr.*, 102 Ohio St.3d 54, 2004-Ohio-1883, 806 N.E.2d 537 (Ohio 2004).  Second, Plaintiff has not alleged facts to support an intentional infliction of emotional distress claim, as his Complaint fails to support a showing that the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Anders v. Dolgencorp, LLC*, No 5:11-cv-2098, 2011 WL 638837, *3 (N.D.Ohio, Dec. 19, 2011).  Finally, the statement upon which the claim is based was allegedly made between the year 2000 and the year 2005, which is well past the two- and four-year statute of limitations for negligent and intentional infliction of emotional distress respectively. *Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio App.3d 56, 849 N.E.2d 62 (Ohio App. 2006) (negligent infliction of emotional distress); *Yeager v. Local Union*, 6 Ohio St.3d 369, 453 N.E.2d 666 (Ohio 1983) (intentional infliction of emotional distress).

### 3. Fraud

Plaintiff's fraud claim also falls within the reach of the broad statutory definition of "dental claim" under O.R.C. § 2305.113. Indeed, pleading fraud as an attempt to circumvent the procedural limitations of § 2305.113 has become the *modus operandi* of a number of plaintiffs' counsel throughout Ohio, and Plaintiff's fraud claim in this case is by no means novel. While these types of allegations are clearly intended to capitalize on more expansive statutes of limitations, Ohio courts consistently reject such attempts, characterizing them instead as clever yet unsuccessful attempts to transform what are in essence medical or dental claims into fraud claims. *See, e.g., Hensley v. Durrani*, Case No. C-13,0005, 2013 WL 5777076, 2013-Ohio-4711, ¶19 ("Clever pleading cannot transform what are in essence medical claims into fraud claims.").

In this case, Plaintiff's fraud claim is based upon Defendant Silverman's alleged statement that, after looking at an x-ray of Plaintiff's tooth, Plaintiff had either "bruised the tooth or he had developed cancer." (Doc. 1-1, Complaint at ¶32.) In other words, it is Plaintiff's position that Defendant Silverman improperly interpreted Plaintiff's x-ray thereby leading to an improper diagnosis. However, as the court held in *Knepler v. Cowden*, "if [the] diagnosis was unfounded, then [the defendant physician] had committed malpractice, not fraud." Case No. 17473, 1999 WL 1243349, *8 (Ohio Ct. App., Dec. 23, 1999). The *Knepler* court went on to explain that, regardless of how a cause of action may be framed through pleadings, "the misconduct of medical professionals constitutes malpractice." *Id*.

Simply put, the statute's broad definition of "dental claim" prevents Plaintiff from seeking to split the fraud theory from his dental negligence theory. *See Harris v. Ohio State Univ. Hosp. Med. Ctr.*, Case No. 06AP-1092, 2007 WL 1125824, 2007-Ohio-1812, ¶10 (Ohio

12

Ct. App., April 17, 2007) ("[T]he statute's definition of 'medical claim' does not permit us to split a fraud theory involving medical treatment off from a professional negligence claim involving medical treatment."). By Plaintiff's own admissions, the statement of which he is now critical was clearly rendered to him during the course of his dental care and/or treatment, and was further based upon Defendant Silverman's respective impressions, interpretations, and opinions. Accurate or not, these alleged statements are indicative of the exercise of the independent professional judgment of a dentist, and they without question constitute the essence of a dental claim. Consequently, Plaintiff's fraud claim is properly characterized as a "dental claim" subject to, and barred by, both the statute of repose and statute of limitations set forth in O.R.C. § 2305.113.

### F. Plaintiff's "Spoliation of Evidence" Claim is Also Barred by the Statute of Repose and Statute of Limitations

In upholding the constitutionality of the statute of repose, The Supreme Court of Ohio in *Ruther* noted that "[f]orcing medical providers to defend against medical claims that occurred 10, 20, or 50 years before presents a host of litigation concerns." *Ruther*, 983 N.E.2d 291, 2012-Ohio-5686, at ¶20. Of particular import as it relates to Plaintiff's spoliation claim in this case was the concern that "pertinent documents were not retained." *Id*. By enacting the statute of repose, the Ohio General Assembly made a specific policy decision to address these concerns, thereby granting "Ohio medical providers the right to be free from litigation based on alleged acts of medical negligence occurring outside a specified time period." *Id*. at ¶21. That time period, of course, is the four-year statute of repose codified in O.R.C. § 2305.113(C). Therefore, "[t]he statute of repose exists to give medical providers certainty with respect to the time within which a claim can be brought and a time after which they may be free from the fear of litigation." *Id*. at ¶19.

Obviously, if the statute of repose was enacted to provide certainty with respect to the time within which a claim may be brought against a medical or dental provider, it would be illogical to then subject that provider to suit for not retaining documents or other dental records after the expiration of the statute of repose. However, that is precisely what Plaintiff's spoliation claim in this case portends to do—to subject Defendants to suit for not retaining documents or other medical records after the expiration of the statute of repose (and indeed, the statute of limitations as well). Allowing this claim to go forward would turn the very purpose of the statute of repose—to relieve a medical provider from fear of litigation—on its head.

In Ohio, the elements of a spoliation claim are as follows: (1) pending or probable litigation involving the claimant; (2) the respondent's knowledge that litigation exists or is probable; (3) willful destruction of evidence by respondent designed to disrupt claimant's case; (4) actual disruption of claimant's case; and (5) damages resulting therefrom. *Smith v. Howard Johnson*, 67 Ohio St.3d 28, 615 N.E.2d 1037, 1038 (Ohio 1993). However, if the statute of repose acts to shield a medical provider from liability—thereby also relieving that medical provider from fear of litigation—then logically that provider could not have also spoliated evidence, as none of the above elements could possibly be satisfied.

In this case, by the time Plaintiff alleges he discovered Defendants' purported dental negligence, his dental claims were already barred by the statute of repose and the statute of limitations. Because the statute of repose shields Defendants from any potential liability, Plaintiff obviously cannot establish elements (1), (4) and (5). There is simply no potential for "pending or probable litigation," there is no viable case to disrupt, and Plaintiff could not have suffered any damages as there was no case to begin with. This is similarly true with respect to the running of the statute of limitations. Further, because Defendants are relieved from any fear

of litigation, Defendants obviously could have no knowledge "that litigation exists or is probable," nor could Defendants destroy evidence in an attempt to disrupt a case that does not exist.  Therefore, elements (2) and (3) are likewise not met.

Indeed, it is readily apparent that Plaintiff's spoliation claim is also simply a backdoor attempt by Plaintiff to circumvent the requirements and limitations applicable to Plaintiff's dental claims.  While these types of allegations are often asserted by plaintiffs in order to try and capitalize on more expansive statutes of limitations, courts often see through such attempts at clever pleading, rejecting arguments that claims such as fraud, breach of contract, and any other number of concocted theories of recovery are separate and apart from the medical and dental claims.  *See, e.g., Hensley v. Durrani*, Case No. C-130005, 2013 WL 5777076 (Ohio App., Oct. 25, 2013) (noting that clever pleading cannot transform a medical claim into a claim of fraud in order to circumvent the applicable limitations period).  Therefore, this Court should not allow Plaintiff in this case, through clever pleading, to transform what amounts to be a dental claim into a concocted claim of spoliation.

### G.  Plaintiff's Dental Claims Should be Dismissed Under Ohio Civil Rule 10(D)

In addition to the foregoing, Plaintiff's dental claims must also be dismissed due to Plaintiff's failure to file an affidavit of merit with his Complaint.  That is because Ohio law imposes a heightened pleading burden on plaintiffs who assert "dental claims" as defined under O.R.C. § 2305.113, requiring such plaintiffs to include with their complaint an affidavit of merit by an expert witness.  Ohio R. Civ. P. 10(D).  Further, this rule is "a substantive rule" that applies to medical and dental claims in federal court.  *Bush v. U.S.*, No. 1:13-cv-406, 2014 WL 1308512 (S.D. Ohio, March 31, 2014).

15

When courts apply the standard of review for motions to dismiss in the absence of an affidavit of merit, they are left only with the complaint which contains mere conclusions of dental negligence.  *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 897 N.E.2d 147 (Ohio 2008).  These "unsupported conclusions" of dental negligence, however, are not sufficient to state a claim for relief, and therefore, the claims are unable to withstand such a motion.  *Id*; *see also Bush* at *2 (dismissing the complaint because "plaintiff's own unsworn and unverified explanation of alleged medical malpractice does not suffice to satisfy the requirements of Rule 10(D)(2)").

In this case, Plaintiff's Complaint does not contain any affidavit of merit from any expert witness supporting his alleged dental claims against Defendants.  Therefore, because Plaintiff's own statements of negligence do not suffice, Plaintiff's dental claims should be dismissed as a matter of law.

## III.    CONCLUSION

Based on the foregoing, Plaintiff's claims against Defendants for dental malpractice, negligence, spoliation, intentional or negligent infliction of emotional distress, and fraud are barred by both the applicable statute of repose and statute of limitations.  Therefore, Defendants Mark H. Silverman, D.D.S. and Silverman Dental, LLC respectfully request that this Court dismiss Plaintiff's Complaint in its entirety as a matter of law.

Respectfully submitted,

REMINGER CO., L.P.A.

*/s/ Danny Merril Newman Jr., Esq.*
Danny Merril Newman Jr., Esq. (0074740)
Michael M. Mahon, Esq. (0087296)
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Telephone:     (513) 721-1311
Telecopier:     (513) 721-2553
Email: dnewman@reminger.com
          mmahon@reminger.com
*Counsel for Defendants*


## CERTIFICATE OF SERVICE

This is to certify that on April 24, 2014, a copy of the foregoing was served on all counsel of record via the Court's ECF electronic filing system.  In addition, a copy was served via regular U.S. mail, postage prepaid, upon the following:

Peter Canavan Newberry
1217 Criswell Road
Berry, Kentucky 41003
Pro Se Plaintiff

*/s/ Danny Merril Newman Jr., Esq.*
Danny Merril Newman Jr., Esq. (0074740)

17