UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PETER CANVAN NEWBERRY, | : | |
| | : | |
| Plaintiff, | : | CASE NO:  1:14-cv-00313 |
| | : | |
| v. | : | JUDGE SANDRA S. BECKWITH |
| | : | |
| MARC H. SILVERMAN, D.D.S., et al., | : | Magistrate Stephanie K. Bowman |
| | : | |
| Defendants. | | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

Now come the Defendants, Mark H. Silverman, D.D.S. and Silverman Dental, LLC

("Defendants"), by and through their undersigned counsel, and hereby submit their Reply

Memorandum in support of their Motion for to Dismiss.

**I.    INTRODUCTION**

As this Court is aware, Plaintiff Peter Canavan Newberry originally filed this action in

Kentucky.  However, because the very claims and actions on which his allegations are based all

occurred in Ohio, Judge Bertelsman transferred the case to Ohio due to his "grave doubt that

defendants are subject to personal jurisdiction in [Kentucky] on the claims asserted by

plaintiffs." (Doc. #19.)  Despite this, Plaintiff takes the remarkable position that Kentucky law

should apply.  In doing so, Plaintiff ignores binding Sixth Circuit precedent which holds that the

law of the transferor court (Kentucky) cannot apply where the transferor court does not have in

personam jurisdiction over the defendants.  *Martin v. Stokes*, 623 F.2d 469, 472 n.4 (6th Cir.

1

1980).[1]  Therefore, because the case was transferred due to the "grave doubt that defendants are subject to personal jurisdiction in Kentucky," it is the law of the transferee court (Ohio) that applies. *Id*.

Applying Ohio law, Plaintiff's claims against Defendants are barred by O.R.C. § 2305.113.  First, Plaintiff admits that Count I ("Dental Malpractice") and Count II ("Negligence") are "dental claims" barred by the statute of repose set forth in § 2305.113.  Second, Plaintiff's additional claims of "fraud" and "intentional or negligent infliction of emotional distress" are not separate and distinct claims, but instead, are "dental claims" premised entirely upon Defendant Silverman's treatment and diagnosis of Plaintiff.  Because each of these claims—like his "Dental Malpractice" and "Negligence" claims—is associated with the dental care and treatment Plaintiff was provided almost ten years earlier, these too are barred by Ohio's statute of repose under O.R.C. § 2305.113.

Finally, and notwithstanding the above, Plaintiff's claims are subject to the requirements of Ohio Civil Rule 10(D), requiring sufficient affidavits of merit by qualified experts opining on the breach of the standard of care and proximate causation.  By not including any such affidavits, Plaintiff's claims are subject to dismissal as a matter of law.

## II.  LAW AND ARGUMENT

### A.  Ohio Law Applies to the Case

#### i.  Transfer was Pursuant to 28 U.S.C. § 1406(a)

Plaintiff's primary argument in support of his choice-of-law position is that, because the order of transfer from the United States District Court in Kentucky did not specifically state whether transfer was based upon 28 U.S.C. § 1404(a) or  § 1406(a), Kentucky law should,

---

[1] Even more remarkable is the fact that the *Martin* case—the holding of which is exactly opposite to the position advocated by Plaintiff—is actually relied on by Plaintiff in support of his argument.

apparently by default, apply.  While Plaintiff asserts this position presumably because he is aware that a transfer pursuant to § 1406(a)—which requires Ohio law to apply—subjects Plaintiff's claims to dismissal, his argument must nevertheless fail.

The futility of Plaintiff's argument is most clearly illustrated in the very case on which he relies:  *Martin v. Stokes*, 623 F.2d 469 (6th Cir. 1980).  In *Martin*, the court acknowledged that it is often difficult to determine, based solely upon a review of the language of the transfer order, which statute the transferring court invoked.  *Id*. at 473.  The court's solution to this problem was to require focus upon the **nature and purpose** of the transfer, holding that, absent a clear statement by the transferring court to the contrary, "any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district where the action was originally brought" serves as a transfer under § 1406(a).  *Id*. (emphasis added).  In other words, "§ 1406(a) necessarily limits the application of § 1404(a) to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper."  *Id*.  If, on the other hand, it appears that the transfer was made because the court lacked personal jurisdiction or venue, then § 1406(a) applies.  *Id*.

In this case, the nature and purpose of the transfer from the United States District Court in Kentucky was explicitly set forth in the court's Order:  "[T]he Court has grave doubt that defendants are subject to personal jurisdiction in this forum on the claims asserted by plaintiffs." (Doc. #18.)  This lack of personal jurisdiction of Plaintiff's claims is clearly illustrated by the vast majority of cases holding that a Kentucky resident who travels to Ohio for medical or dental services cannot maintain an action in Kentucky, since the jurisdictional analysis is premised upon the place where services were rendered rather than where the consequences of such services are felt.  *Kennedy v. Ziesman*, 526 F. Supp. 1328, 1332 (D.C.Ky. 1981 ("There would be

no benefit to the citizens of Kentucky in subjecting to the jurisdiction of its courts a non-resident physician" whose contacts arose merely from treating Kentucky patients.); *see also Jackson v. Wileman*, 468 F. Supp. 822, 825 (W.D.Ky. 1979) (holding that a Kentucky resident who traveled to Ohio for dental services could not maintain action in Kentucky, since the jurisdictional focus is on the place where the services were rendered rather than where the consequences of such services would be felt).[2]

Therefore, because it is clear based upon both the District Court of Kentucky's Order, as well as the vast majority of case law throughout the country, that the instant case was transferred due to a lack of personal jurisdiction, § 1406(a) applies and, as shown below, Ohio law is therefore applicable.

### ii.  By Application of 28 U.S.C. § 1406(a), Ohio Law Applies

In determining which state's substantive law applies in a transferred case, courts distinguish between cases transferred pursuant to 28 U.S.C. § 1404 and those transferred pursuant to 28 U.S.C. § 1406.  *In re Commercial Money Center, Inc.*, 603 F. Supp.2d 1095, 1100 n.5 (N.D. Ohio 2009).  Where the state where the initial filing was made was improper due to improper venue or lack of personal jurisdiction under § 1406, then "the law of the transferee court should apply."  *Id*. (citing *Nelson v. International Paint Co.*, 716 F.2d 640 (9th Cir. 1983) and *Martin*, 623 F.2d at 471).

---

[2] Indeed, the vast majority of courts throughout the country that have addressed this issue, including Kentucky, hold that the rendering of medical or dental services in one state does not subject the provider of those services to personal jurisdiction in the patient's state, even when the doctor or dentist knows that the patient is a resident of another state. *See, e.g., Wright v. Yackley,* 459 F.2d 287, 289–90 (9th Cir. 1972) (affirming dismissal of a medical-malpractice action for lack of personal jurisdiction where the defendant provided the allegedly negligent medical services outside the forum state); *Jackson v. Shepard,* 609 F.Supp. 205, 207 (D.Ariz. 1985) (dismissing medical-malpractice action for lack of personal jurisdiction where the alleged injury-causing event occurred in California); *Prince v. Urban*, 49 Cal.App.4th 1056 (Cal. Ct. App. 1996) ("[W]here, as here, the out-of-state doctor's contact with the forum state consists of nothing more than telephonic follow up on services rendered in the doctor's own state, it is unreasonable for the patient's home state to exercise personal jurisdiction over the physician.").  In this case, unlike the above-cited cases, the Plaintiff was actually a resident of Ohio at the time of his dental treatment with Defendants.  It was not until after his treatment that he later moved to Kentucky.

The purpose of this holding is to avoid forum shopping by plaintiffs, "who would thereby be encouraged to file their actions in the federal district court where the state law was the most advantageous, regardless of whether that district court was a proper forum." *Martin*, 623 F.2d at 472. Therefore, in order to avoid this type of forum shopping, the Sixth Circuit held, "as have a majority of authorities that have considered this question, that following a transfer under § 1406(a), the transferee district court should apply its own state law rather than the state law of the transferor district court." *Id*.

In this case, the very circumstances described by the *Martin* court would occur if Plaintiff's argument were to prevail. Plaintiff knew, or should have known, that by maintaining a dental practice only in Ohio that treated Plaintiff only in Ohio, Defendants could not be properly sued in Kentucky. Yet, it an effort to avoid the application of O.R.C. § 2305.113, Plaintiff improperly attempted to file suit in Kentucky knowing that Kentucky law is more advantageous to him. This is precisely the type of forum shopping that was expressly cautioned against by the Sixth Circuit in *Martin*, and it should not be condoned by this Court.

It should be noted, however, that even if this Court were to entertain Plaintiff's baseless arguments that this case was transferred for some reason other than Kentucky's lack of personal jurisdiction, the outcome would nevertheless be the same. This is because regardless of which choice-of-law test the Court applies—whether Ohio or Kentucky—Ohio substantive law must govern this matter, as Kentucky's contacts with this case are tenuous at best. *GRW Industries v. General Motors Corp.*, 182 F.3d 917 (6th Cir. 1999) (holding that because "Kentucky only has tenuous contacts with this case, "regardless of which test applies, Ohio law governs"). Indeed, it is clear that the vast majority, if not all of the contacts forming the basis of Plaintiff's dental negligence suit occurred in Ohio. Plaintiff further admits that Defendants' dental practice was

located in Ohio, and the dental treatment Plaintiff claims was negligent occurred in Ohio.  While Kentucky was the state in which Plaintiff resided at the time of the filing of this lawsuit, he was an Ohio resident at the time of all dental treatment received by Defendants.  Clearly, this extremely minor contact with Kentucky is "not enough to justify the application of Kentucky law."  *Id*. (noting that although Kentucky was home of the plaintiff's president and home of the plaintiff's manufacturing site, these contacts "Kentucky has with this case 'are not enough' to justify the application of Kentucky law").

**B. Plaintiff's Claims of "Dental Malpractice" and "Negligence" are Barred by the Statute of Repose**

Plaintiff admits that if Ohio law applies, his claims for "dental malpractice" and "negligence" are barred by the statue of repose under O.R.C. § 2305.113.  This is because, regardless of being pled separately, both claims represent a single "dental claim" subject to the procedural limitations and requirements of dental claims under § 2305.113, as both claims arise out of Plaintiff's dental treatment received from Defendants.  Therefore, because Ohio law does apply to this case, Defendants are entitled to a dismissal of these claims as a matter of law.

**C. Plaintiff's Claims of "Intentional or Negligent Infliction of Emotional Distress" and "Fraud" Represent a Single "Dental Claim" Also Subject to the Statute of Repose and Statute of Limitations**

Although acknowledging that his claims of dental malpractice and negligence represent a single dental claim barred by the statute of repose, Plaintiff argues that his emotional distress and fraud claims are independent claims not barred by the statute of repose.  However, even a cursory review of Plaintiff's allegations reveals that the actual nature and subject matter of these claims are directly related to Defendants' rendering of professional dental services.  Therefore, as shown below, Plaintiff's arguments otherwise are without merit.

i.  Plaintiff's Fraud Claim is a "Dental Claim" Under Ohio Law

Plaintiff argues that his fraud claim is a separate and distinct claim that is not subject to the procedural limitations and requirements of his admittedly barred dental malpractice and negligence claims.  In support, Plaintiff relies solely on *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709 (1987).  However, *Gaines* is clearly distinguishable from this case, and Plaintiff's reliance on its holding is of no effect on the analysis herein.

In *Gaines*, the doctor allegedly told the plaintiff-patient that he had removed an "intrauterine device" (IUD) from plaintiff's body when, in fact, he had not done so.  In the course of the next three years, the plaintiff learned that the IUD had not been removed and that it had perforated her uterus.  Under these circumstances, the Supreme Court of Ohio held that a "fraud action is separate and distinct from the medical malpractice action which stems from the surrounding facts where the decision to misstate the facts cannot be characterized as medical in nature." *Id*. at 713.  Thus, the court concluded that a doctor's knowing misrepresentation that the IUD had been removed when it had not, on which the patient justifiably relied to her detriment, could give rise to a cause of action in fraud independent from an action in medical malpractice.

This case, however, is clearly distinct from *Gaines*.  In *Gaines*, the doctor allegedly misrepresented the fact that he had performed a medical procedure when he, in fact, did not perform the procedure at all.  Here, however, Plaintiff's claimed misrepresentations relate to the performance of the root canal and Defendant Silverman's diagnosis, not whether or not the root canal was, in fact, performed.  In other words, Plaintiff does not dispute that the root canal was performed; Plaintiff is simply critical of the quality and manner by which it was performed.

The Sixth Circuit in *Britt v. Gwyn* rejected a similar attempt by a plaintiff to extend *Gaines* to a garden-variety legal malpractice claim.  902 F.2d 32 (6th Cir. 1990).  In *Britt*, the

7

plaintiff attempted to advance a fraud claim independent of her legal malpractice claim based upon her allegation that she received incorrect legal advice.  In support, the plaintiff, like here, pointed to the language in *Gaines v. Preterm-Cleveland* for the proposition that her fraud claim was independent of her legal malpractice claim.  However, the court rejected the plaintiff's argument, noting that *Gaines* was clearly distinguishable.  While *Gaines* involved a misrepresentation as to whether a procedure was actually performed, the plaintiff in *Britt* questioned whether the legal advice provided was correct.  *Id*. at *5.  Thus, the court held that "no claim of fraud separate and independent from the malpractice claim exists in the complaint." *Id*.

Likewise, in *Rogler v. Shepler*, the court distinguished and found inapplicable the holding in *Gaines*, where the plaintiff's claims against the defendant-dentist related to the dentist's diagnosis of the plaintiff.  No. 02-CV-5841, 2004 WL 5273912 (Ohio Ct. C.P., Sept. 22, 2004).  In *Rogler*, the plaintiff relied on *Gaines* to support her argument that the defendant-dentist's "alleged statement that gold onlays were the only treatment for her TMJ and that she had a collapsed bite constituted fraud."  *Id*.  The court, however, rejected the plaintiff's argument, holding that the defendant-dentist's "alleged statements that Plaintiff had a collapsed bite and that gold onlays were the treatment needed falls within the standard of care and represents a dental diagnosis, not an independent fraud claim."  *Id*.

In this case, like *Britt* and *Rogler,* and unlike *Gaines*, Plaintiff's allegations deal simply with whether Defendant Silverman correctly or adequately diagnosed Plaintiff, not whether the root canal was actually performed.  Specifically, Plaintiff's fraud claim is based upon Defendant Silverman's alleged statement that, after looking at an x-ray of Plaintiff's tooth, Plaintiff had either "bruised the tooth or he had developed cancer."  (Doc. 1-1, Complaint at ¶32.)  Thus,

exactly on par with *Rogler*, it is Plaintiff's position that Defendant Silverman improperly interpreted Plaintiff's x-ray thereby leading to an improper diagnosis. However, as the court held in *Rogler*, Defendant Silverman's alleged statement that Plaintiff either bruised the tooth or had developed cancer "falls within the standard of care and represents a dental diagnosis, not an independent fraud claim." *Rogler*, 2004 WL 5273912; *see also Knepler v. Cowden*, "if [the] diagnosis was unfounded, then [the defendant physician] had committed malpractice, not fraud." Case No. 17473, 1999 WL 1243349, *8 (Ohio Ct. App., Dec. 23, 1999).

Therefore, Plaintiff's argument that his fraud claim is a separate, independent claim not barred by the statue of repose is wholly unsupported by the law in Ohio. Simply put, the statute's broad definition of "dental claim" prevents Plaintiff from seeking to split the fraud theory from his dental negligence theory. *See Harris v. Ohio State Univ. Hosp. Med. Ctr.*, Case No. 06AP-1092, 2007 WL 1125824, 2007-Ohio-1812, ¶10 (Ohio Ct. App., April 17, 2007) ("[T]he statute's definition of 'medical claim' does not permit us to split a fraud theory involving medical treatment off from a professional negligence claim involving medical treatment."); *see also Hensley v. Durrani*, Case No. C-13,0005, 2013 WL 5777076, 2013-Ohio-4711, ¶19 ("Clever pleading cannot transform what are in essence medical claims into fraud claims."). By Plaintiff's own admissions, the statement of which he is now critical was clearly rendered to him during the course of his dental care and/or treatment, and was further based upon Defendant Silverman's respective impressions, interpretations, and opinions. Accurate or not, these alleged statements are indicative of the exercise of the independent professional judgment of a dentist, and they without question constitute the essence of a dental claim. Consequently, Plaintiff's fraud claim is properly characterized as a "dental claim" subject to, and barred by, both the statute of repose and statute of limitations set forth in O.R.C. § 2305.113.

ii. Plaintiff's Intentional Infliction of Emotional Distress Claim is a "Dental Claim" Under Ohio Law

Plaintiff also argues that his intentional infliction of emotional distress claim is a separate and distinct claim that is not subject to the procedural limitations and requirements of his admittedly barred dental claims.[3]  In support, Plaintiff remarkably relies upon two cases whose holdings are entirely contrary to Plaintiff's position.  Plaintiff's inability to point to any case law in support of his position illustrates the futility of his argument.

First, Plaintiff cites to *Butler v. Jewish Hosps., Inc.*, Case No. C-940119, 1995 WL 256297 (Ohio Ct. App., May 3, 1995).  In *Butler*, the plaintiff's spouse, who was partially paralyzed by a stroke, was hospitalized at Jewish Hospital for what was believed to have been a virus.  According to the plaintiff, while she was speaking to the attending physician outside her spouse's room, the nurse "blurted out 'Dr. Roth, Mr. Butler just died.'"  *Id*. at *1.  However, when the plaintiff entered the room she discovered that her spouse was not, in fact, dead.  The plaintiff then filed a complaint against Jewish Hospital "claiming that the nurse's negligence caused her to suffer permanent emotional distress."  *Id*.  The court, however, held that that the plaintiff's emotional distress claim was a "medical claim" barred by the statute of limitations for medical claims, because it arose out of the care and treatment of the plaintiff's husband.  *Id*.

The holding in *Butler*, therefore, supports Defendants' argument that an emotional distress claim related to a medical diagnosis—no matter how improper—is nevertheless a dental claim subject to the procedural limitations of dental claims.  Just as a nurse's statement that the patient "just died" is a medical claim, so too is Defendant Silverman's alleged statement that Plaintiff "had either bruised the tooth or he had developed cancer" a dental claim.

---

[3] Notably, Plaintiff's Complaint states that this claim is premised upon both "intentional or negligent infliction of emotional distress."  (See Doc. #1-1, Count Four.)  However, it appears Plaintiff has abandoned the "negligent infliction" theory, focusing instead only on the "intentional infliction" theory.  However, regardless of which theory Plaintiff advances, both are subsumed within his "dental claim" and are, therefore, barred by O.R.C. § 2305.113.

10

Second, Plaintiff cites to *Roberts v. Luneau-Gordon, M.D.*, Case No. 15212, 1995 WL 703898 (Ohio Ct. App., Nov. 29, 1995).  In *Roberts*, it was alleged that the defendants failed to properly treat the minor child of the plaintiff by failing to administer a MRI every six months. As a result, there was a delay in the discovery of an enlarged tumor. The minor child's parents alleged that the delay in diagnosis and the resulting injury caused them emotional distress. However, the court held that the plaintiffs' "claim for negligent or intentional infliction of emotional distress cannot exist independently apart from the underlying medical negligence case." *Id.*  Therefore, because the medical negligence claims were properly dismissed, so too should the plaintiff's claims of emotional distress, based upon a delayed diagnosis, be dismissed. *Id.*

Again, the holding in *Roberts* only confirms that Plaintiff's emotional distress claim is actually a "dental claim" subject to the limitations and requirements of dental claims.  Just as the emotional distress caused by defendant's delay in diagnosis was a medical claim in *Roberts*, so too is Plaintiff's alleged emotional distress caused by Defendant's Silverman's purported improper diagnosis a dental claim in this case.

Simply put, Plaintiff cannot on one hand claim in Count One ("Dental Malpractice") that Defendant Silverman "fail[ed] to identify or diagnose the injury," yet in in Count Four ("Emotional Distress") claim that his failure to properly diagnose the injury is somehow not a dental claim.  Both of the Counts are premised upon the same allegations and are, therefore, subject to the same procedural limitations and requirements.  Consequently, Plaintiff's emotional distress claim is properly characterized as a "dental claim" subject to, and barred by, both the statute of repose and statute of limitations set forth in O.R.C. § 2305.113.[4]

---

[4] Notably, Plaintiff does not address Defendants' arguments that even if it is considered a separate claim, his emotional distress claim is also barred due to his improper pleading and due to the applicable statute of limitations.

11

### D.  O.R.C. § 2305.113 Bars Plaintiff's Spoliation Claim

Plaintiff apparently acknowledges that if his other claims are not viable, then there can be no claim for spoliation.  This is because when a plaintiff's claims are barred by application of the statute of limitations or statute of repose, the plaintiff "cannot demonstrate any prejudice from the destruction of evidence."  *Jeffrey Mining Prod., LP v. Left Fork Mining Co.*, 143 Ohio App.3d 708, 758 N.E.2d 1173, 1181 (Ohio App. 2001) (holding that because each of the plaintiff's claims are barred by the contractual limitations period, the plaintiff cannot demonstrate any prejudice from the destruction of evidence rendering fatal its spoliation claim).

To be sure, a successful spoliation claim under Ohio law requires a plaintiff to prove that "1) the absence of the destroyed evidence or the destruction of the evidence made it impossible for plaintiff to pursue the separate civil action, and 2) plaintiff could prove that the destroyed evidence was of such a nature as to enable successful pursuit of the civil action."  *Gialousis v. Eye Care Assoc., Inc.*, 7th Dist. No. 05 MA 163, 2007-Ohio-1120, ¶95.  Applying these elements to this case, it cannot be said that Plaintiff was prevented from pursuing his civil action based upon any alleged destruction of his medical records.  Indeed, by the time Plaintiff even requested his records—which was admittedly after his meeting with the endodontist in November of 2012[5]—the statute of repose had already expired, thereby preventing Plaintiff from bringing the instant action. Consequently, Plaintiff's Complaint is barred not by any alleged destruction of records, but by Plaintiff's own failure to commence this action within the requisite 4-year period required under Ohio law.

---

[5] Plaintiff alleges that he first contacted Defendants for his records "[u]pon learning of the negligent dental work," which he claims was on November 19, 2012.  (Doc. #1-1, Complaint at ¶¶7, 22.)

12

**E.  Plaintiff's Dental Claims Should be Dismissed Under Ohio Civil Rule 10(D)**

Plaintiff does not dispute that he is required under Ohio Civil Rule 10(D) to file an affidavit of merit with his Complaint.  Instead, Plaintiff requests in his Opposition Memorandum that he be given more time to file the affidavit.  However, by making this request in his Opposition, Plaintiff still fails to comply with Rule 10(D), which necessitates dismissal of his dental claims as a matter of law. [6]

If, as here, an affidavit of merit is not filed with the complaint, the plaintiff must file a motion to extend the period of time to file the affidavit of merit **with the complaint**.  Ohio R. Civ. P. 10(D)(2)(b) (emphasis added).  Thus, in order to comply with Rule 10(D), a plaintiff who asserts a dental claim must file with his complaint either (1) sufficient affidavits of merit in support of his claim, or (2) a motion requesting that the time frame to file the affidavits be extended.  If a plaintiff fails to comply with either requirement, dismissal is then proper. *Marchetti v. Blankenburg*, 12th Dist. No., 2011 WL 1782115, 2011-Ohio-2212, ¶39 (Ohio App., May 9, 2011) (holding that because the plaintiff failed to include with his complaint an affidavit of merit or a motion requesting additional time to file the affidavit of merit, the trial court properly dismissed the complaint for medical malpractice).

In this case, like *Marchetti*, Plaintiff's Complaint included neither sufficient affidavit(s) of merit nor a motion requesting additional time to file the affidavit of merit.  In failing to do so, Plaintiff has not satisfied the mandates of Civil Rule 10(D), and such failure necessitates a dismissal of Plaintiff's Complaint as a matter of law.

---

[6] As set forth by Judge Barrett in *Bush v. U.S.*, No. 1:13-cv-406, 2014 WL 1308512 (S.D. Ohio, March 31, 2014), this rule is "a substantive rule" that applies to medical and dental claims in federal court.

13

## III.    CONCLUSION

Based on the foregoing, Plaintiff's claims against Defendants for dental malpractice, negligence, spoliation, intentional or negligent infliction of emotional distress, and fraud are barred by application of O.R.C. 2305.113 and Ohio Civil Rule 10(D).  Therefore, Defendants Mark H. Silverman, D.D.S. and Silverman Dental, LLC respectfully request that this Court dismiss Plaintiff's Complaint in its entirety as a matter of law.

Respectfully submitted,

REMINGER CO., L.P.A.

*/s/ Danny Merril Newman Jr., Esq.*
Danny Merril Newman Jr., Esq. (0074740)
Michael M. Mahon, Esq. (0087296)
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
Telephone:     (513) 721-1311
Telecopier:     (513) 721-2553
Email: dnewman@reminger.com
            mmahon@reminger.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on May 29, 2014, a copy of the foregoing was served on all counsel of record via the Court's ECF electronic filing system.  In addition, a copy was served via regular U.S. mail, postage prepaid, upon the following:

Peter Canavan Newberry
1217 Criswell Road
Berry, Kentucky 41003
Pro Se Plaintiff

*/s/ Danny Merril Newman Jr., Esq.*
Danny Merril Newman Jr., Esq. (0074740)

15