UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Peter C. Newberry, : Case No. 1:14-cv-313
:
   Plaintiff, :
:
vs. :
:
Marc H. Silverman, D.D.S., et al., :
:
   Defendants. :

## ORDER

Before the Court is Defendants' motion to dismiss the Plaintiff's amended complaint, pursuant to Fed. R. Civ. Proc. 12(b)(6).  (Doc. 21)  Plaintiff opposes the motion (Doc. 23), and Defendants have filed a reply (Doc. 24).

For the following reasons, the Court grants Defendants' motion.

## FACTUAL BACKGROUND

Peter Newberry filed a pro se complaint against Marc Silverman and Silverman Dental, LLC in Kentucky state court on November 19, 2013.  (Doc. 1)  The defendants removed the case to federal district court for the Eastern District of Kentucky and then moved to dismiss the complaint, arguing that court lacked personal jurisdiction over both Dr. Silverman and his dental practice LLC.  (Doc. 9)  After the motion was briefed, the district court conducted oral argument on this motion and a similar motion filed in another case against the same Defendants.  (See Rorick v. Silverman, et al, E.D. Ky. Case No.2:13-cv-205, in which Mr. Newberry is appearing as counsel for the plaintiff.)  The district court subsequently entered an order transferring both cases to this district.  The

court's order stated in pertinent part:

> For the reasons stated on the record, the Court has grave doubt that defendants are subject to personal jurisdiction in this forum on the claims asserted by plaintiffs.
>
> However, it is apparent that, personal jurisdiction aside, the interests of justice would be served by transferring these cases to the Southern District of Ohio, Western Division, where they could originally have been brought under the allegations of plaintiffs' complaints, as many of the relevant witnesses and documents are in that forum.
>
> Thus, under several theories, transfer would be appropriate. See *Jackson v. L&F Martin Landscape*, 421 F. App'x 482, 483-84 (6th Cir. 2009) (discussing relationship among transfer provisions of 28 U.S.C. §§ 1404(a), 1406, and 1631).

(Doc. 19 at 1-2)

After both of the cases was transferred, Defendants filed the pending motion to dismiss under Rule 12(b)(6). Their motion argues that Ohio law should apply to this case, and that Newberry's claims are barred by Ohio's four-year statute of repose and/or one-year statute of limitations set forth in Ohio Rev. Code 2305.113 for claims of dental malpractice. Defendants further contend that the rest of Newberry's claims (negligence, spoliation of evidence, infliction of emotional distress, and fraud) are also barred by the dental statute of repose, because all of his claims arise from the provision of dental services by Dr. Silverman many years ago.

Newberry disagrees. He argues that Kentucky law should apply because that state has the most significant contacts to his claims. Even if Ohio law applies, he asserts that the Ohio statutes of repose or limitations do not bar his complaint because he timely filed the lawsuit within one year of the accrual of his claims.

## ANALYSIS

Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations. A claim will survive if those allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008), citing Bell Atlantic Corp. v. Twombly, 550 U.S.544 (2007). Twombly essentially retired Rule 8's permissive "no-set-of-facts" pleading standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Twombly court found that literal application of that standard impermissibly permits wholly conclusory claims to survive Rule 12 challenges.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court expressly held that a complaint will survive a Rule 12 challenge only if its well-pleaded factual allegations are sufficient to state a claim for relief that is plausible on its face. Facial plausibility requires pleading facts that permit a reasonable inference that the defendant is liable for the alleged misconduct. If a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

Choice of Law

In his response to Defendants' motion, Newberry argues that the Kentucky district court's transfer order did not specifically state the basis on which transfer was based. The transfer order (quoted above) cited three statutes: 28 U.S.C. §§ 1404, 1406, and

1631. Newberry cites Martin v. Stokes, 623 F.2d 469 (6th Cir. 1980), which held that the district court should determine if a case is transferred for the convenience of the parties under Section 1404 (in which case the transferor forum's law would apply), or under Section 1406 because the case was filed in the wrong forum (in which case the transferee court's law would apply). Newberry suggests that there is no reason this Court should not apply Kentucky law.

As is evident from Judge Bertelsman's order, and as Defendants' original motion to dismiss for lack of personal jurisdiction argued (see Doc. 5), a serious question exists as to whether that court could properly exercise personal jurisdiction over the Defendants. Section 1406(a) permits a court facing that situation to exercise its discretion to transfer the action to a permissible forum instead of dismissing the case without prejudice. For instance, that discretion may be exercised to avoid the necessity and burden of refiling a complaint and securing service upon the defendants. This Court concludes that is precisely what occurred here: the Kentucky district court's order clearly reflects its conclusion that Newberry filed his complaint in the wrong forum because Defendants were not subject to jurisdiction in Kentucky. Venue for the case is proper in this district, as the Defendants are citizens of Ohio. And there is no suggestion in the district court's order that the basis of the transfer was simply for the convenience of the parties, especially in the face of Defendants' challenge to the Kentucky court's jurisdiction over them.

Moreover, Ohio's choice of law rules favor the application of Ohio law to this case. Ohio has adopted the Restatement (Second) of Conflict of Laws, under which the

court must apply the law of the state that has the most significant contacts to the dispute. Morgan v. Biro Mfg. Co., Inc., 15 Ohio St.3d 339, 341-342 (1984). Newberry concedes that Dr. Silverman's dental services were performed in Ohio. Defendants are citizens and residents of Ohio. Any alleged statements or representations Defendants made to Newberry were made in Ohio. The only connection this case has to Kentucky is that Newberry now resides there. He suggests that the injuries occurred at least in part in Kentucky because "altered dental records" were mailed to Kentucky. There is no allegation of any "altered dental records" in Newberry's complaint; he alleges that he was told (by an unidentified source) that some of his records were no longer available.

The Court concludes that Ohio law is properly applied to Newberry's complaint; to do otherwise would, in the Court's opinion, merely encourage forum shopping.

Newberry's Claims are Time-Barred and Fail to State a Plausible Claim for Relief

Newberry concedes that if Ohio law applies, his malpractice and dental negligence claims are time-barred by Ohio Rev. Code 2305.113. But he contends that his claims for spoliation of evidence, intentional or negligent infliction of emotional distress, and for fraud should not be dismissed. Defendants contend that all of Newberry's claims arise from and are related to his dental care, and are time-barred.

Newberry's complaint alleges that he had a root canal performed by Dr. Silverman "in the early to mid 1990's." (Compl. ¶4) "About ten years later," he saw Dr. Silverman for "trouble with the tooth." After taking an x-ray, Silverman told him "he either had bitten down hard and that he had either bruised a nerve or he had developed cancer." Silverman told him to "monitor the situation." (Id. at ¶5) Then "a few years later,"

Newberry returned to Silverman "with the same complaints," but received no new or additional care from Silverman. (Id. at ¶6) On November 19, 2012, Newberry saw a different endodontist, who informed him that the root canal "had been incomplete, and Defendant Silverman did not go past the curve of the root when performing the root canal. As a result, Plaintiff's tooth became abscessed." (Id. at ¶7)

In support of his spoliation claim, Newberry alleges that after learning about Silverman's negligence in 2012, he asked for copies of his dental records. Newberry "... was informed that several x-rays had not been taken and that [Defendants] no longer had all of his dental records." (Id. at ¶22) Newberry alleges that Defendants knew that litigation was probable, and that they intentionally or negligently destroyed his records, which has "disrupted" his case.

Ohio law recognizes an independent cause of action for spoliation of evidence. The elements of such a claim are: (1) pending or probable litigation; (2) defendant's knowledge of such litigation; (3) defendant's willful destruction of relevant evidence; (4) actual disruption of a claimant's litigation due to the destruction; and (5) damages flowing from the spoliation. Smith v. Howard Johnson, 67 Ohio St.3d 28, 29 (Ohio 1993). Defendants' motion argues that Newberry cannot show any "actual disruption" to this litigation based on the alleged spoliation, because Newberry's claims were extinguished some years before he filed suit. They also contend that Newberry's claim, if allowed to proceed, would contravene the purpose of the malpractice statute of repose. If a health professional should discard records after the statute of repose has expired, he or she would take the risk of being sued for "spoliation."

The Court agrees that Newberry's spoliation claim should be dismissed. Because his dental claim is clearly time-barred, he cannot show that Silverman had any knowledge of pending or probable litigation at the time the records were disposed of. Nor can Newberry plausibly argue that the purported loss of dental records actually disrupted this litigation, in view of the bar of the statute of repose.

Regarding Newberry's intentional/negligent infliction of emotional distress claim: his complaint alleges that Silverman's statement made about "ten years" after his initial treatment caused emotional distress. (According to the complaint, Silverman told Newberry that he had bruised a tooth or had developed cancer, and to monitor the situation.) These allegations fail to state a plausible claim for negligent or intentional infliction of emotional distress, and are time-barred in any event. The Ohio statute of limitations for a negligent infliction claim is two years. Lawyer's Coop. Pub. Co. v. Muething, 65 Ohio St. 3d 273, 280-281 (1992), finding that the two-year statute of limitations of Ohio Rev. Code 2305.10 applies to claims of negligently inflicted humiliation and distress. Despite the vagueness of Newberry's factual allegations regarding the dates on which Silverman's statements were made, by any reasonable measure his claim is time-barred. Moreover, any claim for **intentional** infliction of emotional distress must be dismissed because Newberry's allegations are insufficient to plausibly establish such a claim. Ohio law requires pleading and proof of outrageous conduct that is atrocious and utterly intolerable. See, e.g., Springer v. Fitton Center, 2005 Ohio 3624 (Ohio App. 12th Dist. 2005), discussing and applying Yeager v. Local Union 20, 6 Ohio St.3d 369 (Ohio 1983) where the cause of action was first recognized. Yeager adopted language

from the Restatement in describing the contours of the tort:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous!'

Id. at 374-375. The facts alleged by Newberry fall far short of this demanding standard.

Finally, Newberry has alleged a claim of fraud against the Defendants, based on Silverman's advice to "monitor" the situation with his tooth. Newberry alleges that Silverman made this statement to "hide the fact of Defendant's negligent performance of the root canal procedure and other dental work or dental examinations." (Compl. at ¶33) Defendants argue that this claim is time-barred, and is merely a transparent attempt to plead around the malpractice statute of repose. They also note that the fraud claim is premised upon Silverman's alleged statements to Newberry when Silverman was examining his x-ray film. At best, the allegations support a claim for misdiagnosis, not fraud.

Defendants cite several Ohio cases finding that the statutory definition of a dental "claim" is broad enough to encompass such related tort claims. For example, in Hensley v. Durrani, 2013-Ohio-4711 (Ohio 1st App. Dist., October 25, 2013), the plaintiff brought medical malpractice and fraud claims against Dr. Durrani, based on her allegations that

Durrani negligently performed spine surgery and used non-FDA approved bone products during her surgery, which left her with debilitating injuries. The medical claims were barred by the statute of limitations, but Plaintiff argued that her fraud claim was independent of her malpractice claim, and was timely under Ohio's four-year statute of limitations for fraud. The Ohio court of appeals rejected her argument. The court found that Ohio Rev. Code 2305.113(E)(3) broadly defines a "medical claim" as "any claim that is asserted in any civil action against a physician ... and that arises out of the medical diagnosis, care, or treatment of any person." The alleged fraud was Durrani's recommendation for unnecessary surgery and failure to inform her that the procedure was risky and untested. The court noted that "Clever pleading cannot transform what are in essence medical claims into claims for fraud." Hensley, 2013-Ohio-4711 at **11. See also, York v. Hutchins, 2014-Ohio-988, **8-10 (Ohio 12th Dist App. March 17, 2014), finding that plaintiff's fraud claim alleging that a physician performed unnecessary heart surgery, fell within the statutory definition of a "medical claim." Her malpractice claim based on that surgery was barred by the statute of repose, and the court of appeals affirmed the trial court's order finding the fraud claim time-barred.

This Court notes that Section 2305.113(E)(6) defines a "dental claim" in terms that are as broad as the definition of a medical claim: "... any claim that is asserted in any civil action against a dentist, or against any employee or agent of a dentist, and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person." Silverman's statements allegedly constituting the fraud arose out of his diagnosis, care and treatment of Newberry. Therefore, his fraud claim is not

-9-

independent of his dental claim.

Newberry relies almost exclusively upon Gaines v. Preterm-Cleveland, Inc., 33 Ohio St.3d 54 (1987), where the Supreme Court recognized that in some limited circumstances, a fraud claim may exist independent of a related medical claim.  The facts of that case distinguish it from Newberry's.  There, a physician falsely informed his patient that he had surgically removed her IUD, when in fact he had not done so.  Some years later, another doctor found the IUD, which by then had perforated her uterus.  The Supreme Court held that the patient's fraud claim against the first physician could proceed, but clarified why the claim was independent of her medical malpractice claim: "The fraud action is separate and distinct from the medical malpractice action which stems from the surrounding facts **where the decision to misstate the facts cannot be characterized as medical in nature.** ... In the instant cause, it cannot be said that the statement to appellant that her IUD had been removed when in fact it had not was motivated by any medical consideration."  Id. at 56 (emphasis added; footnote omitted). Subsequent cases have routinely held that when the alleged fraudulent representation is "medical in nature" and related to care provided, fraud claims are subsumed in Ohio's statutory definition of a "medical claim."  See, e.g., Prysock v. Ohio State Univ. Med. Ctr., 2002-Ohio-2811 (Ohio 10th App. Dist. 2002).  In that case, plaintiff had a caesarian section performed at Ohio State Medical Center, during which a sponge was left in her body.  She returned to the emergency room ten days later, complaining of odor.  A surgeon who did not perform the C-section found and removed the sponge, but did not tell her about the sponge when she asked about it.  It was only later when she obtained

-10-

her medical records that she discovered this fact. The court of appeals held that her malpractice claim against the doctors who performed the caesarian was time-barred because she filed suit more than one year after her malpractice claim accrued. But she had stated an independent claim for fraud against the surgeon who removed the sponge and failed to inform her of that fact when plaintiff inquired. The court concluded:

> The alleged fraudulent representations or omissions were made by a physician that was not involved with appellant's original treatment at Ohio State. There is no allegation that this physician improperly removed the surgical sponge. The alleged misstatement of fact and/or alleged failure to disclose the true nature of the foreign object "cannot be characterized as medical in nature." *Gaines*, 33 Ohio St. 3d at 56. The alleged fraud had nothing to do with treating appellant; rather, the alleged fraud related to protecting the medical team that performed the caesarian section.

Id. at **13.

Here, Newberry's fraud allegations all stem from Silverman's statements regarding his diagnosis and treatment of Newberry. The Court concludes that his fraud claim is in essence a claim for dental malpractice which must be dismissed for the same reasons that the Court is dismissing his malpractice and negligence claims.

## CONCLUSION

For all of the foregoing reasons, the Court grants Defendants' motion to dismiss Plaintiff's complaint (Doc. 21). Plaintiff's claims and each of them are hereby dismissed with prejudice.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: August 18, 2014                    <u>s/Sandra S. Beckwith</u>
                                                                                           Sandra S. Beckwith, Senior Judge
                                                                                           United States District Court