**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PETER CANAVAN NEWBERRY** | ) | **Case No. 1:14-CV-313** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE: BECKWITH** |
| **vs.** | ) | |
| | ) | **MAGISTRATE: LITKOVITZ** |
| **MARC H. SILVERMAN, D.D.S., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## AMENDED COMPLAINT WITH JURY DEMAND

Now comes the Plaintiff Peter Canavan Newberry, *pro se,* and for his causes of action against Defendants Marc H. Silverman, D.D.S and Silverman dental, LLC states as follows:

## NATURE OF THE ACTION

This is a fraud case which arose out of Defendant's dental malpractice after Defendant negligently performed a root canal on Plaintiff. The Plaintiff, a Kentucky resident, had a root canal procedure performed by Defendant Marc Silverman, DDS of Defendant Silverman Dental, LLC in the State of Ohio. When Plaintiff began to have pain in the same tooth, he returned to Defendant Marc Silverman for examination of the tooth several times. Defendant Marc Silverman intentionally misrepresented to Plaintiff that his root canal procedure was not and could not be the source of the pain since it had been completed by Dr. Silverman and further misrepresented to Plaintiff that he had removed all of the nerve in the tooth, and that the source of Plaintiff's pain was either that the Newberry had bruised the underlying bone or that he had cancer in that underlying bone, and that Dr. Silverman would monitor the situation. Plaintiff

took Dr. Silverman's advice of letting Dr. Silverman monitor the tooth and Plaintiff continued to rely to his detriment upon Defendant Silverman's fraudulent misrepresentations for many years until he sought a second opinion from an endodontist which informed him for the first time Defendant Silverman had been misrepresenting to him the cause of his tooth pain. Contrary to Dr. Silverman's fraudulent misrepresentations, Dr. Silverman had not completed Plaintiff's root canal procedure and Dr. Silverman had left infected tissue in Plaintiff's tooth, and Plaintiff's pain was the result of an incomplete root canal performed by Dr. Silverman which had caused an abscess in the tooth, infection and Plaintiff's pain.  Defendant Marc Silverman's own x-rays and hand written notes confirmed that he knew that the root canal procedure had been partial rather than complete and that Defendant Marc Silverman made these intentional and fraudulent misrepresentations to Plaintiff solely to have Plaintiff rely upon them to his detriment so that Plaintiff would pay Defendants for a procedure which Defendants had fraudulently billed Plaintiff for but had never performed, would not bring a dental malpractice action against Defendants, would influence Plaintiff's wife not to bring dental malpractice claims against Defendants, would continue to pay Defendants for allegedly performed dental services, would continue to be a patient and treat with Defendants, and continue to refer patients to Defendants. Since Dr. Silverman knew he was fraudulently, knowingly and intentionally failing to provide the dental treatment which he sold to Plaintiff and for which he billed Plaintiff, and Defendants further did not tell Plaintiff the truth about his alleged treatment of Plaintiff  but instead provided fraudulent information to Plaintiff, these statements could not have been for any type of medical or diagnostic purpose, but rather solely as a continuing fraud to keep Plaintiff as a patient, to keep Plaintiff from bringing a dental malpractice claim, a damages claim and a fraud claim against Defendants, to keep Plaintiff's wife from bringing claims against Defendants,  and to

2

keep Plaintiff referring patients to Defendants.  Additionally, after the endodontist informed Plaintiff that Dr. Silverman had not completed the root canal which Defendants fraudulently stated they had performed, and that Plaintiff's abscess tooth infection and pain was caused by Dr. Silverman's failure to perform the root canal, and that Plaintiff did not have cancer as he was fraudulently told by Dr. Silverman, Plaintiff requested his dental records and x-rays from Defendants. Again, Defendants falsely informed Plaintiff that most of his dental records and x-rays for the subject tooth no longer existed, were discarded or were destroyed, despite the fact that Dr. Silverman had previously fraudulently informed Plaintiff that diagnostic x-rays were retained and never discarded or destroyed, and that Dr. Silverman had fraudulently previously informed Plaintiff that Dr. Silverman had reviewed x-rays and records which Defendant's fraudulently later informed Plaintiff had been destroyed.

## PARTIES

1.     Plaintiff Peter Canavan Newberry is a citizen of the Commonwealth of Kentucky who resides at 1217 Criswell Road, Berry, Kentucky 41003.

2.     Defendant Marc H. Silverman is a resident of the State of Ohio who practices dentistry at 4464 Carver Woods, Cincinnati, Ohio 45242.

3.     Defendant Silverman Dental, LLC is a corporation registered in the State of Ohio whose principal place of business is 4464 Carver Woods, Cincinnati, Ohio 45242.

## JURISDICTION AND VE.NUE

4.     This Court has jurisdiction over this matter by virtue of 28 §U.S.C. 1332(a).

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because this is the judicial district in which both of the Defendants are residents or conduct business.

3

## FACTUAL ALLEGATIONS

6.      Plaintiff was a patient of Defendants from June of 1986 until November of 2012.

7.      In the early 1990's, Plaintiff sought dental treatment from Defendants. At that time, Defendant Marc Silverman performed a root canal procedure on Plaintiff's tooth (hereinafter "tooth #31").

8.      At the time that Defendant Marc Silverman performed the root canal procedure, Defendant Marc Silverman fraudulently told Plaintiff that he had performed a complete root canal, pulpectomy and successfully treated an abscess of that tooth, and that nine x-rays were taken in relation to the procedures which he performed on tooth #31.  Defendants fraudulently charged him for a complete root canal, pulpectomy and treatment for tooth #31, which Plaintiff paid in full.

9.      After the root canal procedure, Plaintiff returned to Defendant Marc Silverman because he had been having pain associated with tooth #31.  Defendant Marc Silverman allegedly examined Plaintiff and fraudulently assured him that the pain he was having regarding tooth #31 was not related to the root canal procedure since there was no nerve in that tooth to cause him any pain. Specifically, Defendant Marc Silverman fraudulently told Plaintiff, "Peter, there is nothing in your tooth to cause any pain.  I removed all of the nerves in that tooth, there is nothing there". Defendant Marc Silverman fraudulently informed Plaintiff that he had reviewed the x-rays from the original procedure and then took additional x-rays of tooth #31 at that time. Defendant Silverman showed Plaintiff x-rays and fraudulently informed him that he was concerned about what he saw on the x-ray in the bone surrounding tooth #31. Defendant Marc Silverman fraudulently told Plaintiff that Plaintiff's pain was either from biting down on something hard and bruising the bone under tooth #31, or that Plaintiff had cancer.  Defendant

4

Marc Silverman told Plaintiff to resume taking his antibiotics (which Plaintiff took for acne) and stop eating hard foods such as almonds and pretzels, and to continue seeing Dr. Silverman so he could monitor the situation.  Defendant Marc Silverman called Plaintiff later and again stated his fraudulent diagnosis and attempted to dissuade Plaintiff from seeking a second opinion, to calm Plaintiff's fears of having cancer, to again urge Plaintiff to resume taking his antibiotics and stop eating hard food such as almonds and pretzels, and to advise Plaintiff to continue seeing Defendants so they could monitor situation.

10.     Plaintiff continued to see Defendant Marc Silverman as Plaintiff's dentist and Defendant Silverman Dental, LLC and Defendant Marc Silverman both continued to correspond with Plaintiff and telephone him for the purposes of continuing fraud and providing him with their dental services. On several occasions, Plaintiff telephoned Defendant Marc Silverman and again complained of pain in relation to tooth #31.  Defendant Marc Silverman again fraudulently told Plaintiff that he reviewed his chart, the x-rays taken during the original root canal procedure for tooth #31, and the x-ray taken earlier and again fraudulently told him that the pain Plaintiff was experiencing in tooth #31 was either from biting down hard, or it was cancer, because there was no nerve in the tooth. Defendant Marc Silverman fraudulently told Plaintiff that he had removed all of the nerve in Plaintiff's tooth and completed a full root canal of tooth #31.

11.     Defendant Marc Silverman asked Plaintiff to come into his office for an additional examination of tooth #31.  When Plaintiff arrived at Defendant Silverman's office in Ohio, Defendant Silverman allegedly took a diagnostic x-ray of tooth #31 and Defendant Marc Silverman again fraudulently told him that the pain he was experiencing in tooth #31 was either from biting down hard, or it was cancer, because there was no nerve in the tooth.  Dr. Marc Silverman showed Plaintiff an x-ray of tooth #31 which he allegedly took that day and again

5

pointed out the bone surrounding the tooth and suggested that it may be cancer because it looked suspicious.  Defendant Marc Silverman again told Plaintiff to make sure he was taking his antibiotics and to stop eating hard foods such as almonds and pretzels, and to keep seeing Dr. Silverman to monitor the situation.  Afterward, Plaintiff continued seeing Defendants as his dentist on a regular basis and each time he would ask Dr. Silverman about the tooth.  Dr. Silverman always fraudulently told Plaintiff that he had removed all of the nerves in the tooth and that there was nothing in the tooth to cause the pain, instructed Plaintiff to make sure he was taking his antibiotics and to stop eating hard foods such as almonds and pretzels, and to keep seeing Dr. Silverman to monitor the situation.  Defendant Silverman fraudulently failed to make any records of these alleged examinations and/or Defendant's fraudulently altered and/or destroyed Plaintiff's dental records regarding these alleged examinations.

12.     Defendant Marc Silverman called Plaintiff on several occasions at his home to allegedly check on his tooth and fraudulently stated that the pain Plaintiff was having with tooth #31 could not be from the nerve in that tooth since there was no nerve in that tooth to cause him any pain, and that because the pain would come and go, that he believed that the pain was most likely the result of biting down hard and bruising a nerve in Plaintiff's jawbone.  Specifically, Defendant Marc Silverman fraudulently told Plaintiff, "Peter, there is nothing in your tooth to cause any pain.  I removed all of the nerves in that tooth, there is nothing there". Defendant Marc Silverman urged Plaintiff to continue taking his antibiotics and to refrain from eating hard food such as almonds and pretzels.

13.     These same fraudulent explanations of Plaintiff's pain were provided to him by telephone calls placed by Defendant Marc Silverman to Plaintiff at his home. Defendant Marc Silverman was consistently adamant when he fraudulently told Plaintiff that the pain he was

having with tooth #31 could not be from the nerve in that tooth since there was no nerve in that tooth to cause Plaintiff any pain because Dr. Silverman had removed all of the nerve during the root canal procedure.

14.     On or about November, 2012, after again experiencing the same pain in tooth #31, and after Plaintiff could no longer obtain pain relief from following Dr. Silverman's advice, Plaintiff sought treatment from Dr. Donald Kelley, an endodontist from Lexington, Kentucky. Dr. Kelley took an x-ray of tooth #31 and immediately informed Plaintiff that his dental problems and pain stemmed from an incomplete root canal procedure that Dr. Silverman had performed in relation to tooth #31.  Dr. Kelley assured Plaintiff that there was no cancer in tooth #31 or the surrounding bone, and that the pain which Plaintiff had been experiencing in tooth #31 for years was caused by an abscess from an incomplete root canal of tooth #31. Specifically, Dr. Kelley showed him the x-ray he had taken that day and pointed out where Defendant Marc Silverman stopped the root canal at a bend in the root and did not complete the procedure.   Dr. Kelley showed Plaintiff the abscessed root which Defendant Marc Silverman never completed or treated during the root canal procedure.

15.     Dr. Kelley also confirmed that the tooth was infected. The area of abscess surrounding tooth #31 in the x-ray that Dr. Kelly showed Plaintiff was similar to the image and area depicted on the x-rays of tooth #31 allegedly taken by Defendant Marc Silverman in response to Plaintiff's complaints of pain in tooth #31. Plaintiff was shocked, in tears, and also relieved from years of the severe emotional distress caused by Plaintiff's fear of cancer caused by Dr. Silverman's fraudulent diagnosis, when he saw the x-ray of tooth #31 taken by Dr. Kelly, as the area of abscess was the same area on the x-rays which Defendant Marc Silverman had

shown to him and fraudulently told Plaintiff was suspicious and Dr. Silverman believed Plaintiff had cancer.

16.     On or about November 7, 2012, Plaintiff started emailing with Defendant Silverman's office to obtain his file including all of his records and x-rays dating back to 1986.

17.     On November 8, 2012, Krissy, an employee of Defendant Silverman Dental, LLC, sent him an email with images of bitewing x-rays from August 30, 2011, but no other records or any x-rays of a root canal for tooth #31.  This was despite the fact that Defendant Marc Silverman had previously fraudulently told Plaintiff on several occasions that he had performed a complete root canal upon this tooth.

18.     After inquiring about the missing records and x-rays, on November 13, 2012, Krissy at Defendant Silverman Dental, LLC, emailed Plaintiff that they did not have any x-rays prior to 2003.   Plaintiff telephoned and asked where all of his records and x-rays were since he had seen an x-ray of tooth #31 allegedly taken by Dr. Silverman post 2003 when he complained of pain in said tooth. Krissy then told him that all of his x-rays and all of his records were stored electronically and that the x-ray software only went back to 2003. She informed him that they would check and see if they had any paper x-rays prior to that date.

19.     On November 13, 2012, Plaintiff sent Krissy a reply email stating that he would pick up all hard copy and electronic records and x-rays on November 16, 2012.  However, on or before November 16, 2012, Krissy contacted Plaintiff's wife and informed her that Defendant Marc Silverman was personally going through and reviewing Plaintiff's x-rays and records and that Defendant Marc Silverman would personally e-mail them to Plaintiff by Monday, November 19, 2012.

20.     On November 20, 2012, after again failing to receive any of Plaibntiff's dental records from Defendants on the date promised by Defendants, Plaintiff emailed Krissy again and inquired as to why Plaintiff had not received the records and x-rays which he had requested two weeks earlier.  Krissy replied to Plaintiff that day by email and wrote that November 21, 2012 was the soonest that Defendant Marc Silverman could get to the records and that they would be emailed to Plaintiff the next morning. This contradicted an earlier statement by Defendants that Defendant Marc Silverman was personally going through and reviewing Plaintiff's x-rays and records five (5) days earlier, on November 16, 2012.

21.     On November 21, 2012, Defendant Marc Silverman sent Plaintiff an email of 11 x-rays of bitewings but no x-rays of tooth #31 at the time of the root canal procedure or later when he complained about pain in relation to that tooth.

22.     On the same date, Plaintiff sent Defendant Marc Silverman an email stating that he would like to look at his original records at his office.  Plaintiff stated that there appeared to be missing entries, as well as x-rays and photos that Defendant Silverman did not produce. As a result, Plaintiff asked who assembled his file for his review, and whether or not he could come in next week to review his complete file. Defendant Marc Silverman did not reply.

23.      Almost a week later, on November 26, 2012, after receiving no reply from Defendant Marc Silverman, Defendant Marc Silverman sent more records to Plaintiff by email which he had not previously sent to Plaintiff when Plaintiff was led to believe that all available records had already been forwarded to him. Plaintiff sent a follow-up email asking the whereabouts of the original nine x-rays taken at the time of the root canal procedure for tooth #31, and the diagnostic x-rays taken subsequently of tooth #31.

24.     On November 28, 2012, Defendant Silverman sent Plaintiff some more x-rays by email to the Plaintiff but still none of missing records for tooth #31. Then Defendant Silverman finally sent Plaintiff one x-ray of tooth #31 taken during the original root canal procedure which Defendant Silverman Dental, LLC and Defendant Marc Silverman had previously informed him had been destroyed. Plaintiff replied that same day in an email and stated that there were nine x-rays of the tooth #31 root canal during the procedure, and then at least two more x-rays on two subsequent visits which Plaintiff had never received.  Defendant Marc Silverman neither sent any of the other eight that were taken at that time of the root canal procedure, nor sent any of the alleged diagnostic x-rays of tooth #31 which Defendant Marc Silverman had allegedly subsequently taken of tooth #31 for Dr. Silverman's fraudulently stated purpose of diagnosing the pain Plaintiff was experiencing in tooth #31, and which allegedly served as the basis for Defendant Marc Silverman's later fraudulent diagnosis of cancer in the bone surrounding tooth #31.  Defendant Marc Silverman had previously shown these x-rays to Plaintiff, and told Plaintiff that such diagnostic x-rays were not discarded. Defendant Marc Silverman replied again by email to Plaintiff stating that Defendant Silverman Dental, LLC and Defendant Marc Silverman had sent Plaintiff all the radiographs that they had in his chart.

25.     On December 2, 2012, Plaintiff sent follow-up emails to Defendant Mark Silverman and Krissy asking if Defendant Mark Silverman had received his earlier November 21, 2012 email inquiring who assembled his file for Defendant Marc Silverman's review, and requesting if Plaintiff could come in to review his complete original file.

26.     On December 3, 2012, Krissy responded and said that Defendant Mark Silverman was out of town all week.

27.     On December 10, 2012, Defendant Marc Silverman replied to Plaintiff's email and stated that he had sent him all of the radiographs that they had in their chart.  He told Plaintiff that he had no recollection of how many radiographs they took in 1990, and stated that they had sent all of the radiographs that they have in their chart and that was all that they could do.

28.     On the same date, Plaintiff sent a reply email asking why some of his radiographs were destroyed and when it happened. Defendant Marc Silverman responded by email that they were probably discarded because they were used to verify file length. He stated that the "before and after" were the important x-rays.  He also stated that the x-rays were probably discarded on or around the date of service. This contradicted his earlier fraudulent statements to Plaintiff that Defendant Silverman reviewed those x-rays during his subsequent diagnosis of the pain Plaintiff was experiencing in tooth #31. When Plaintiff emailed and asked again why Defendant Silverman Dental, LLC and Defendant Marc Silverman had never provided an explanation as to what happened to the diagnostic radiographs of tooth #31 which were recently taken by Defendant Marc Silverman, Plaintiff never received a response.

29.     On that same date, Plaintiff  emailed again and specifically asked what happened to the diagnostic radiographs of tooth #31 taken by Defendant Marc Silverman given that Defendant Marc Silverman allegedly showed them to Plaintiff when Plaintiff first complained of pain in tooth #31, and then again when Plaintiff complained subsequently. Plaintiff also asked about what he meant by "file length," and Defendant Marc Silverman replied that no file was left in the canal. When Plaintiff later asked if an x-ray would show if a file had broken off and was left in the canal, Defendant Marc Silverman confirmed by another email that it would.

30.     Finally, after a long exchange of emails, and more than a month after Plaintiff requested copies of his dental records and x-rays, Defendant Marc Silverman sent him an email on December 10, 2012 that stated that he just realized that from 1998-2003 Defendants were on a different digital system. He stated that they had located the files, but that he was having trouble opening them.  He finally stated that he called his "IT guy" and that they would do their best to open the files but that he was not sure what the time frame would be.

31.     On December 12, 2012, Plaintiff finally did receive more radiographs but none were related with tooth #31. Defendant Marc Silverman stated by email to Plaintiff  that his "IT person" said that there were no more radiographs that he was able to download because these radiographs dated from two computer systems ago and they did not have the software to be able to retrieve the radiographs if they were there on the system.

32.     On December 12, 14, 18, and 21, 2012 Plaintiff sent follow-up emails to Defendant Marc Silverman asking him to answer the question of when and why the diagnostic radiographs of tooth #31 which were alledgely recently taken by Defendant Marc Silverman, as well as the other diagnostic x-rays of tooth #31, were destroyed by Defendant Silverman Dental, LLC and Defendant Marc Silverman.

33.     Defendant Marc Silverman neither answered these questions nor ever sent Plaintiff any of those diagnostic x-rays of tooth #31.

34.     Defendant Marc Silverman fraudulently informed Plaintiff by telephone on multiple occasions that as a result of Plaintiff's complaints of pain in tooth #31 that Dr. Silverman reviewed the x-rays from the original root canal procedure on that tooth, and the nerve in that tooth could <u>not</u> be causing his pain since it had been completely removed by Dr. Silverman during the root canal procedure.  More recently, Defendant Marc Silverman also told

Plaintiff by email correspondence  that Defendants either destroyed or could not produce the x-rays from the root canal procedure on tooth #31 (On December 10, 2012, Defendant Marc Silverman stated "I am sure that they were discarded at or around the time of the procedure."), and that Defendant had destroyed all other x-rays which Plaintiff had requested regarding tooth #31, including all diagnostic x-rays allegedly taken by Defendants of tooth #31 since the root canal procedure. Defendants had no explanation as to why Defendants were able to produce, and not destroy, all x-rays of every other tooth x-rayed by Defendants over a 26 year period except the x-rays for  tooth #31, despite the fact that the other x-rays pre-dated the x-rays for tooth #31, and the recent x-rays of tooth #31 were allegedly diagnostic x-rays which Defendant Marc Silverman admitted were not ever to be destroyed.

35.     Defendants never provided an explanation as to what happened to the recent allegedly diagnostic x-rays taken of tooth #31 after Plaintiff complained of pain in relation to that tooth, nor did Defendant Marc Silverman provide an explanation as to why the "important" "before and after" x-rays which he previously told Plaintiff  that he reviewed and had possession of recently were also now recently destroyed, or how Dr. Silverman could have possibly very recently reviewed those x-rays to verify that no file was broken in tooth #31, or to serve as the basis for his fraudulent diagnosis of the pain Plaintiff was experiencing in tooth #31, if all of those x-rays of tooth #31 were destroyed.

36.     Plaintiff's request to review his original dental records was refused by Defendants.  Instead, when Plaintiff finally received copies of his dental records from Defendant Marc Silverman, including alleged contemporaneous hand written notes allegedly made at the time of the original root canal procedure, nearly six (6) weeks after requesting the records, and after Plaintiff was told that Defendant Marc Silverman was personally reviewing his records

during that nearly six (6) week period, the copied records, including alleged contemporaneous hand written notes allegedly made at the time of the original root canal procedure, state that Defendant Marc Silverman only did a partial of the root canal on tooth #31. Despite having multiple conversations, both in Dr. Silverman's office and in several telephone conversations, with Defendant Marc Silverman, (after the original procedure and after Dr. Silverman fraudulently informed Plaintiff that Dr. Silverman had reviewed all of his records and x-rays from the original procedure when Plaintiff subsequently reported pain in that tooth), wherein Dr. Silverman consistently and fraudulently told Plaintiff that his pain could not be from tooth #31 because there was no nerve left in that tooth after he performed a complete root canal procedure, and after corresponding with Defendant Marc Silverman by email dozens of times during November and December in 2012 in an attempt to obtain his records and x-rays related to the root canal procedure, the alleged diagnostic x-rays taken by Defendant Marc Silverman allegedly diagnosing Plaintiff's subsequent pain in tooth #31, and all other x-rays, notes and records of Plaintiff, this was the first time that Plaintiff had ever seen or heard the term "partial" root canal in relation to tooth #31, or learned or was informed that Dr. Silverman had not completed the root canal or that Dr. Silverman had left a nerve in the tooth. This information was all contrary to the fraudulent representations made by Defendant Silverman to Plaintiff for more than a decade.

## JOINT AND SEVERAL LIABILITY

37.     Plaintiff is entitled to recover damages from Defendants jointly and severally based upon theories of liability, and upon such other theories of liability as may be appropriate based upon the facts alleged herein or revealed during discovery.

## FIRST CAUSE OF ACTION
### (FRAUD WITH MALICE)
### (Defendants Marc Silverman, D.D.S., Silverman, LLC)

38.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through thirty-seven of this Complaint as if fully rewritten herein.

39.     In the 1990's, Defendant Marc Silverman, D.D.S. allegedly performed a complete root canal and pulpectomy for Plaintiff in relation to tooth #31.

40.     Later, Plaintiff complained to Defendant Marc Silverman of pain in tooth #31 in which the root canal had been allegedly performed.

41.     Defendant Marc Silverman fraudulently assured Plaintiff that the pain he was having regarding tooth #31 was not related to the root canal procedure since there was no nerve in that tooth to cause him any pain. Defendant Marc Silverman fraudulently told Plaintiff that he reviewed the x-rays from the original procedure and the x-rays which Dr. Silverman allegedly took of tooth #31 at that time and allegedly showed Plaintiff those x-rays and fraudulently informed Plaintiff that he was concerned about what he saw on the x-ray in the bone surrounding tooth #31. Defendant Marc Silverman fraudulently told Plaintiff that his pain was either from biting down on something hard and bruising the bone under tooth #31, or that Plaintiff had cancer.  Defendant Marc Silverman said he would monitor the situation and told Plaintiff to resume taking his antibiotics (which Plaintiff took for acne) and to stop eating hard foods such as almonds and pretzels.  Defendant Marc Silverman called Plaintiff later and again stated his fraudulent diagnosis and attempted to calm Plaintiff's fears of having cancer, again urging Plaintiff to resume taking his antibiotics and stop eating hard food such as almonds and pretzels.

42.     During the ensuing years, Plaintiff continuously remained a patient of Dr. Silverman and Defendant Silverman continued to say the same fraudulent things that he had

15

previously stated to Plaintiff regarding the potential sources of his tooth pain, and that it could not be the root canal since there was no nerve left in the tooth. In addition to his normal check-ups when Plaintiff questioned Dr. Silverman about his pain, Defendant Silverman also had Plaintiff come in for additional fraudulent examinations.  During these fraudulent examinations, Defendant Silverman allegedly took additional x-rays and again allegedly showed Plaintiff the x-ray of tooth #31 which he allegedly took that day and again pointed out the bone surrounding the tooth and fraudulently stated  that it may be cancer because it looked suspicious.  Defendant Marc Silverman again told Plaintiff to make sure he was taking his antibiotics and to stop eating hard foods such as almonds and pretzels.

43.     Specifically, Defendant Silverman fraudulently told the Plaintiff in person during examinations in his office and by telephone on several occasions over the years "Peter, there is nothing in your tooth to cause any pain.  I removed all of the nerves in that tooth, there is nothing there". Defendant Marc Silverman just instructed Plaintiff to continue taking his antibiotics and to refrain from eating hard food such as almonds and pretzels.

44.     Defendant Silverman's fraudulent statements and diagnosis to Plaintiff about the cause of Plaintiff's tooth pain were material to the diagnosis and yet had no diagnostic or medical basis for if Defendant Silverman had actually reviewed Plaintiff's x-ray as he fraudulently told Plaintiff he did, Dr. Silverman would have known that the root canal procedure was "partial" and not complete, and that the incomplete root canal procedure was the cause of the Plaintiff's pain regarding tooth #31. In fact, even if Dr. Silverman's memory is faulty regarding the original procedure, the alleged x-rays taken years later clearly show the root canal was not complete and the tooth was still infected as a result. Dr. Silverman's handwritten records of the original root canal procedure clearly state that the procedure was incomplete, as the x-rays

16

of the original procedure would have also shown. Thus, Dr. Silverman's statements to Plaintiff were knowingly false and fraudulent. Additionally, the fact that Dr. Silverman fraudulently stated that he reviewed all of these records demonstrates not only an initial fraud committed upon Plaintiff at the time of the original procedure, but also a continuing fraud, as none of these x-rays or records have been produced. Thus, making any records allegedly reviewed by Dr. Silverman either fraudulent or altered.

45.    Defendant Silverman made these intentional fraudulent and material misrepresentations to Plaintiff for the sole purpose of misleading the Plaintiff by concealing or hiding from Plaintiff that he had not performed the root canal as stated, to keep Plaintiff and his wife as patients of Defendants, to charge Plaintiff money for services not performed, to prevent Plaintiff's wife from filing a claim against Defendants, and to prevent Plaintiff from filing a dental malpractice claim, a damages claim and a fraud claim against Defendant Silverman.

46.    Plaintiff justifiably relied upon Defendant Silverman's fraudulent misrepresentations regarding the completion of the root canal and the potential sources of Plaintiff's dental pain to his detriment.  Plaintiff not only continued to be a patient of Defendants, refer patients to Defendants, and suffer unnecessary physical pain from the incomplete root canal, but Plaintiff also suffered significant emotional distress since he believed Defendant Silverman's fraudulent representation that the cause of his pain could be cancer.   Dr. Silverman made his fraudulent representations and diagnoses to Plaintiff with intentional malice and ill will since Dr. Silverman knew Plaintiff suffered from a fear of cancer.

47.    On or about November, 2012, after continuing to experience the same pain in tooth #31, and being unable to control his pain per Defendant Marc Silverman's instructions, Plaintiff sought treatment from Dr. Donald Kelley, an endodontist from Lexington, Kentucky.

Dr. Kelley took an x-ray of tooth #31 and immediately informed Plaintiff that his dental problems and pain stemmed from an incomplete root canal procedure that had been performed in relation to tooth #31.  Dr. Kelley assured him that there was no cancer in tooth #31 or the surrounding bone, and that the pain which he had been experiencing in tooth #31 was caused by an abscess from an incomplete root canal of tooth #31. Specifically, Dr. Kelley showed him the x-ray and pointed out where Defendant Marc Silverman stopped the root canal at a bend in the root and did not complete the procedure.   Dr. Kelley showed Plaintiff the abscessed root which Defendant Marc Silverman never completed or treated during the root canal procedure, and confirmed that the tooth was infected.

48.    It was not until Plaintiff disregarded the fraudulent advice and instructions from Dr. Silverman and obtained a second opinion that he finally learned that the real source of his pain was the partial or incomplete root canal procedure and the fraudulent diagnosis given to him many times over the years by Dr. Silverman. Plaintiff then sought to obtain copies of his dental records from Defendants.

49.    Plaintiff's request to review his original dental records was met with additional fraudulent misrepresentations, document destruction and document alteration by Defendants. It took six weeks of emails and phone calls for Plaintiff to finally obtain alleged copies of his alleged dental records from Defendants. This was the first time that Plaintiff had ever heard or seen records which stated that Defendant Marc Silverman only did a "partial" root canal on tooth #31. This record confirmed that Defendant Silverman either made fraudulent representations about reviewing the x-rays or fraudulent representations about what he believed to be the potential cause of Plaintiff's dental pain, or both, in order to continue a fraud upon Plaintiff and avoid a claim. Defendants' hand written and allegedly contemporaneous records, allegedly

18

reviewed by Dr. Silverman during his subsequent alleged examinations of Plaintiff over the years confirmed that Dr. Silverman knew that the cause of Plaintiff's dental pain was the "partial" root canal procedure and abscess, not cancer or any other cause falsely represented to Plaintiff.

50.     As a direct and proximate result of Plaintiff's justifiable detrimental reliance upon Defendant Silverman's intentional, fraudulent, material and malicious misrepresentations regarding the completion of the root canal, the alleged diagnosis and cause of Plaintiff's subsequent pain in the said tooth, his treatment of Plaintiff, and his alleged review and collection of Plaintiff's x-rays and dental records, his alteration of Plaintiff's dental records, all of which were made in an attempt to keep Plaintiff and his wife as patients of Defendants, to obtain referrals from Plaintiff, and to defraud Plaintiff of money for services not rendered, to keep Plaintiff from seeking a second opinion, and to avoid claims for damages, Plaintiff has been damaged physically, mentally and financially, in an amount to be determined at the trial of this matter.

51.     As a direct and proximate result of Plaintiff's justifiable detrimental reliance upon Defendant Silverman, LLC's intentional, fraudulent, material and malicious misrepresentations through its agents and/or employees and fraudulent records creation, record-keeping, records review, records collected, records altered and destroyed by Defendants regarding the performance of the root canal, the completion of the root canal, the alleged diagnosis, cause and treatment of Plaintiff's pain in the said tooth, the treatment of Plaintiff, and Defendants' alleged creation, review, collection, alteration, destruction and keeping of Plaintiff's x-rays and dental records, all of which were done in an attempt to mislead the Plaintiff by concealing or hiding from Plaintiff that Dr. Silverman had not performed the root canal as stated, to keep Plaintiff and his wife as patients of Defendants, to obtain referrals from Plaintiff, to defraud Plaintiff of

money for services not rendered, to keep Plaintiff from seeking a second opinion, and to avoid claims for damages, Plaintiff has been damaged physically, mentally and financially, in an amount to be determined at the trial of this matter.

## JURY DEMAND

**WHEREFORE,** Plaintiff demands a trial by Jury on all issues triable by Jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment jointly and severally against Defendant Marc Silverman, D.D.S. and Defendant Silverman Dental, LLC, as follows:

1. Compensatory damages in an amount in excess of seventy-five thousand dollars and no/100 ($75,000.00);

2. Reasonable attorney fees, in an amount to be determined by the Court;

3. Prejudgment and post-judgment interest;

4. Punitive damages in an amount to be determined at trial;

5.  Costs in this action; and

6.  Any and all further relief which this Court finds to be proper.


Respectfully Submitted,


\s\Peter Canaan Newberry
Peter Canavan Newberry
Plaintiff, *Pro Se*
1217 Criswell Road
Berry, Kentucky 41003
Direct Dial:  (513) 608-4312
E-Mail:  peter.newberry@fuse.net